## UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) TROY D. GERMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-19-751-F** |
| | ) | |
| **(1) BILLY D. "RUSTY" RHOADES,** | ) | |
| **Individually;** | ) | |
| **(2) MICHAEL HARRELL, individually** | ) | |
| **(3) BRIAN ORR, individually, and,** | ) | |
| **(4) MEGAN SIMPSON, individually.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT BILLY D. "RUSTY" RHOADES'S ANSWER TO
### FIRST AMENDED COMPLAINT [DOC. NO. 3]

Defendant Billy D. "Rusty" Rhoades, in his individual capacity, for his Answer to Plaintiff's *First Amended Complaint* [Doc. No. 3], states as follows:

1.     Defendant is without sufficient information or knowledge to admit or deny the residency allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint, therefore they are denied; Defendant notes that German, last ranked as Captain at the Oklahoma Highway Patrol, was forced to retire as part of a plea/dismissal agreement with the Attorney General's office.

2.     Defendant admits the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint in that Defendant Rhoades did resign from his last position as commissioner of the Department of Public Safety on or about September 2, 2019.

1

3.      Defendant admits the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint in that Defendant Harrell did resign from his last position as commissioner of the Department of Public Safety on or about September 2, 2019.

4.      Defendant admits the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5.      Defendant admits the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint in that Defendant Simpson did resign from her last position as commissioner of the Department of Public Safety on or about September 2, 2019.

Jurisdiction and Venue

6.      Defendant admits the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint in that this Court does have subject matter jurisdiction over these claims and any subsequent counterclaims arising herein.

7.      Defendant admits the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint in that this Court has personal jurisdiction over these parties.

8.      Defendant admits the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint in that venue is proper in this District.

Plaintiff's Factual Allegations

9.      Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint, therefore they are denied.

10.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint, therefore they are denied.

11.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint, therefore they are denied.

12.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint, therefore they are denied.

13.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint, therefore they are denied.

14.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint, therefore they are denied.

15.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint, therefore they are denied.

16.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint, therefore they are denied.

17.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint, therefore they are denied.

18.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint, therefore they are denied.

19.     Defendant admits the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint, therefore they are denied.

21.     Defendant admits the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22.     Defendant admits the allegations contained in Paragraph 22.

23.     Defendant admits in part the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint in that Vowell did request some input on drafting Troop R questions; however, Rhoades only provided a few questions and Vowell indicated he did not know what questions from Rhoades, if any, would be used regarding Troop R.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25.     Defendant Rhoades is without sufficient information or knowledge about the vague allegation contained in paragraph 25 and denies the allegations contained in

Paragraph 25 of Plaintiff's First Amended Complaint that any received commendations and/or recommendations were "pressure." Defendant notes that it is not unusual for anyone to receive references and recommendations regarding job applicants.

26.    Defendant denies the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint; Vowell delivered questions to staff for Defendant Harrell to be placed in a vault and secured before the interview.

27.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint, therefore they are denied.

28.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint, therefore they are denied.

29.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint, therefore they are denied.

30.    Defendant denies the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31.    Defendant denies the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint, therefore they are denied.

33.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint, therefore they are denied.

34.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint, therefore they are denied

35.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint, therefore they are denied.

36.     Defendant notes that Paragraph 36 is an introductory statement without a conclusion. No such response is required; to the extent a response is required: Denied.

37.     Defendant notes that Paragraph 37 is a statement of trooper policy only. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint, to the extent there are any, therefore they are denied.

38.      Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint, therefore they are denied.

39.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint, therefore they are denied.

40.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint, therefore they are denied.

41.     Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 41 of Plaintiff's First Amended Complaint and contests the notion that the questions were presented to Orr, Defendant is also without sufficient information or knowledge to admit or deny the allegations and thus they are denied.

42.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint, therefore they are denied.

43.     Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 43 of Plaintiff's First Amended Complaint and contests the notion that Harrell and/or Orr committed any violations of state law and patrol policies, Defendant is also without sufficient information or knowledge to admit or deny the remaining allegations and thus they are denied.

44.     Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 44 of Plaintiff's First Amended Complaint and contests the notion that Harrell and/or Orr had the conversation as stated, Defendant is also without sufficient information or knowledge to admit or deny the remaining allegations and thus they are denied.

45.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint, therefore they are denied.

46.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint, therefore they are denied.

47.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint, therefore they are denied.

48.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint, therefore they are denied.

49.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint, therefore they are denied.

50.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint, therefore they are denied.

51.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint concerning any advice of OSBI agent Florence, therefore they are denied. Defendant denies the specific date alleged by the complaint and denies the general allegations regarding the

cheating scheme, violations of state law, or violation of policies and ethics. Defendant notes that due to the dishonest nature of German as well as the previous fraudulent grievances used by German, Defendant denies that German was someone who "wanted to affect positive changes" within the agency. Before the meeting between Rhoades and German, German was in a meeting with Defendant Harrell wherein Harrel was approaching an issue of German's insubordination and dishonesty. After appearing at Rhoades's office without a set meeting, German began a conversation regarding legislative issues. Thereafter, German advanced his theories about information regarding "improprieties" in the Patrol departments.  German did not explain the improprieties initially (only referring to their "embarrassing" character). German began using a hand gesture about an invisible piece of paper under his hand (allegedly containing said "embarrassing information" and gestured to brush the information aside before announcing knowledge he had about Harrell and Orr regarding the promotional interview process. Once rebuffed by Rhoades, German became angry and made aggressive stances towards Rhoades in an attempt to become intimidating. German began describing how he wanted to become the next director of the Oklahoma Office of Emergency Management (OEM). German hoped that Rhoades could use his position as Cabinet Secretary for Safety and Security to oversee or influence this personnel change. German repeatedly used the hand gesture to insinuate that German would hide the alleged "evidence" if Rhoades helped German become appointed to OEM director. German asked for a positive reference from Rhoades and wanted to be seen as Rhoades's "guy."

52.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint, therefore they are denied.

53.    Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 53 of Plaintiff's First Amended Complaint and denies the content of the conversation as stated, Defendant is also without sufficient information or knowledge to admit or deny the remaining allegations and thus they are denied.

54.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint, therefore they are denied.

55.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint, therefore they are denied.

56.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint, therefore they are denied.

57.    Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 57 of Plaintiff's First Amended Complaint and denies that German's complaint was credible given the history of dishonesty, clandestine opportunism, and false grievance history used by German to obtain promotion.

58.     Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 58 of Plaintiff's First Amended Complaint and denies the remaining allegations.

59.     Defendant denies the allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 61 of Plaintiff's First Amended Complaint and denies the content of the conversation as stated, Defendant is also without sufficient information or knowledge to admit or deny the remaining allegations and thus they are denied.

62.     Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 62 of Plaintiff's First Amended Complaint and denies the content of the conversation as stated, Defendant is also without sufficient information or knowledge to admit or deny the remaining allegations and thus they are denied.

63.     Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 63 of Plaintiff's First Amended Complaint and is also without sufficient information or knowledge to admit or deny the remaining allegations and thus they are denied.

64.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint, therefore they are denied.

65.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 65 of Plaintiff's First Amended Complaint, therefore they are denied.

66.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint, therefore they are denied.

67.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint, therefore they are denied.

68.    Defendant admits the allegations contained in Paragraph 68.

69.    Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 69 of Plaintiff's First Amended Complaint and denies the content of the conversation as stated. At said meeting, German reiterated earlier verbiage and made mention of wanting the opportunity to be promoted internally to a command staff rank of Major. German made several requests to be seen publicly with Rhoades in order to create a perception that German was "his guy." Rhoades spent more time listening rather than responding due to the public nature of the setting and the desire to avoid another confrontation or outburst from German.

70.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 70 of Plaintiff's First Amended Complaint, therefore they are denied.

71.     Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 71 of Plaintiff's First Amended Complaint and denies the content of the conversation as stated. At said meeting, German made complaints about displeasure over Rhoades not regularly maintaining contact with German. At the meeting, German used a hand gesture of pushing a "symbolic" piece of paper. German became emotional at the meeting about bad counsel German received causing him to become disliked and mistrusted within the agency. Despite Rhoades providing German advice about how to change his reputation, German proceeded forward with a conversation about obtaining an internal promotion to major and a Governor's appointment at the same time. German became aggressive regarding demands and presented a piece of paper with a timeline of demands for promotion to rank of Major. Rhoades rebuffed German's demands and German made claims about possessing "subpoenable" [sic] evidence. German, in an infuriated state, physically advanced towards Rhoades and began attempting to intimidate Rhoades.

72.     Defendant denies the allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint as stated.

73.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint, therefore they are denied.

74.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint, therefore they are denied.

75.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint, therefore they are denied.

76.     Defendant denies the allegation as stated in Paragraph 76. Defendant admits that Then-Trooper Keating contacted Rhoades on November 13, 2018 and informed Rhoades that Senator Treat informed Keating regarding a staff member being approached by German who alleged improprieties by Rhoades and Harrell. Afterward, Defendant Rhoades and Defendant Simpson met and interviewed Defendant Orr regarding his side of the allegation. Defendant Orr cooperated with this investigation by volunteering his computer and cells phones to be reviewed by Troop Z.

77.     Defendant admits that Keating was named Cabinet Secretary of Public Safety and Security as alleged in Paragraph 77.

78.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 78 of Plaintiff's First Amended Complaint, therefore they are denied.

79.     Defendant admits the allegation contained in Paragraph 79.

80.     Defendant admits the allegation contained in Paragraph 80.

81.     Defendant admits the allegation contained in Paragraph 81.

82.     Defendant admits the allegation contained in Paragraph 82.

83.     Defendant admits the allegation contained in Paragraph 83.

84.     Defendant admits the allegation contained in Paragraph 84.

85.     Defendant denies the allegations contained in Paragraph 85.

86.     Defendant denies the allegations contained in Paragraph 86.

87.     Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 87 of Plaintiff's First Amended Complaint and denies the content of the conversation as stated. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations, therefore they are denied.

88.     Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 87 of Plaintiff's First Amended Complaint and denies the content of the conversation as stated. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations, therefore they are denied.

89.     Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 89 of Plaintiff's First Amended Complaint and denies the content of the conversation as stated. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations, therefore they are denied.

90.     Defendant denies the allegations contained in Paragraph 90.

91.     Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 90 of Plaintiff's First Amended Complaint and denies the time and content of the conversation as stated. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations, therefore they are denied.

92.     Defendant denies that statements allegedly made by Rhoades in Paragraph 92 about German's extortion attempt were "false."

93.     Defendant denies that statements allegedly made by Rhoades in Paragraph 93 about German's extortion attempt were "false."

94.     Defendant denies that statements allegedly made by Rhoades in Paragraph 94 about German's extortion attempt were "false."

95.     Defendant denies that statements allegedly made by Rhoades in Paragraph 95 about German's extortion attempt were "false."

96.     Defendant denies that statements allegedly made by Rhoades in Paragraph 96 about German's extortion attempt were "false."

97.     Defendant denies that statements allegedly made by Rhoades in Paragraph 97 about German's extortion attempt were "false."

98.     Defendant admits the allegation contained in Paragraph 98.

99.     Defendant denies that statements allegedly made by Rhoades in Paragraph 99 about German's extortion attempt were "false."

100.    Defendant denies that statements allegedly made by Rhoades in Paragraph 100 about German's extortion attempt were "false."

101.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 101 of Plaintiff's First Amended Complaint, therefore they are denied.

102.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 102 of Plaintiff's First Amended Complaint, therefore they are denied.

103.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 103 of Plaintiff's First Amended Complaint, therefore they are denied.

104.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 104 of Plaintiff's First Amended Complaint, therefore they are denied.

105.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 105 of Plaintiff's First Amended Complaint, therefore they are denied.

106.    Defendant admits that he described German's extortion attempt to DA Prater as alleged in Paragraph 106.

107.    Defendant denies the allegations contained in Paragraph 107 of Plaintiff's First Amended Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of Plaintiff's First Amended Complaint.

109.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 109 of Plaintiff's First Amended Complaint, therefore they are denied.

110.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 110 of Plaintiff's First Amended Complaint, therefore they are denied.

111.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 111 of Plaintiff's First Amended Complaint, therefore they are denied.

112.    Defendant admits the allegation contained in Paragraph 112 that Defendant Rhoades was being blackmailed and believed he was being blackmailed.

113.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 113 of Plaintiff's First Amended Complaint, therefore they are denied.

114.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 114 of Plaintiff's First Amended Complaint, therefore they are denied.

115.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 115 of Plaintiff's First Amended Complaint, therefore they are denied.

116.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 116 of Plaintiff's First Amended Complaint, therefore they are denied.

117.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 117 of Plaintiff's First Amended Complaint, therefore they are denied.

118.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 118 of Plaintiff's First Amended Complaint, therefore they are denied.

119.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 119 of Plaintiff's First Amended Complaint, therefore they are denied.

120.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 120 of Plaintiff's First Amended Complaint, therefore they are denied.

121.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 121 of Plaintiff's First Amended Complaint, therefore they are denied.

122.    Defendant reincorporates his previous responses in response to the premise enunciated in Paragraph 122 of Plaintiff's First Amended Complaint and denies the existence of any unlawful scheme. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations, therefore they are denied.

123.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 123 of Plaintiff's First Amended Complaint, therefore they are denied.

124.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 124 of Plaintiff's First Amended Complaint, therefore they are denied.

125.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 125 of Plaintiff's First Amended Complaint, therefore they are denied.

126.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 126 of Plaintiff's First Amended Complaint, therefore they are denied.

127.    Defendant denies the allegations contained in Paragraph 127 of Plaintiff's First Amended Complaint.

128.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 128 of Plaintiff's First Amended Complaint, therefore they are denied.

129.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 129 of Plaintiff's First Amended Complaint, therefore they are denied.

130.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 130 of Plaintiff's First Amended Complaint, therefore they are denied.

131.    Defendant admits the allegation contained in Paragraph 131.

132.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 132 of Plaintiff's First Amended Complaint, therefore they are denied.

133.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 133 of Plaintiff's First Amended Complaint, therefore they are denied.

134.   Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 134 of Plaintiff's First Amended Complaint, therefore they are denied.

135.   Defendant admits the allegation contained in Paragraph 135.

136.   Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 136 of Plaintiff's First Amended Complaint, therefore they are denied.

137.   Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 137 of Plaintiff's First Amended Complaint, therefore they are denied.

138.   Defendant denies the allegations contained in Paragraph 138 of Plaintiff's First Amended Complaint that the OAG believed German was "innocent" and the inference that German was in fact "innocent" to wit Defendant denies.

139.   Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 139 of Plaintiff's First Amended Complaint, therefore they are denied.

140.   Defendant denies that statements allegedly made by Rhoades in Paragraph 140 about German's extortion attempt were "false."

141.   Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 141 of Plaintiff's First Amended Complaint, therefore they are denied.

142.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 142 of Plaintiff's First Amended Complaint, therefore they are denied.

143.    Defendant denies the allegations contained in Paragraph 143 of Plaintiff's First Amended Complaint.

144.    Defendant denies the allegations contained in Paragraph 144 of Plaintiff's First Amended Complaint.

First Cause of Action

145.    Defendant reincorporates herein the response to Paragraphs 1 through 144 of Plaintiff's First Amended Complaint.

146.    Paragraph 146 is a statement of law and does not necessitate a response. To the extent one is required: denied.

147.    Paragraph 147 is a statement of law and does not necessitate a response. To the extent one is required: denied.

148-152.    Defendant denies the allegations contained in Paragraph 148 THROUGH 152 of Plaintiff's First Amended Complaint.

153.    Defendant denies the allegations contained in Paragraph 153 of Plaintiff's First Amended Complaint and denies the Wherefore Statement that follows as it is a request for relief and necessitates no such response. To the extent a response is required: denied.

Second Cause of Action

154.    Defendant reincorporates herein the response to Paragraphs 1 through 153 of Plaintiff's First Amended Complaint.

155.    Paragraph 155 is a statement of law and does not necessitate a response. To the extent one is required: denied.

156-159.    Defendant denies the allegations contained in Paragraph 156 THROUGH 159 of Plaintiff's First Amended Complaint.

160.    Defendant denies the allegations contained in Paragraph 160 of Plaintiff's First Amended Complaint and denies the Wherefore Statement that follows as it is a request for relief and necessitates no such response. To the extent a response is required: denied.

Third Cause of Action

161.    Defendant reincorporates herein the response to Paragraphs 1 through 160 of Plaintiff's First Amended Complaint.

162.    Paragraph 162 is a statement of law and does not necessitate a response. To the extent one is required: denied.

163.    Paragraph 163 is a statement of law and does not necessitate a response. To the extent one is required: denied.

164-174.    Defendant denies the allegations contained in Paragraph 164 THROUGH 174 of Plaintiff's First Amended Complaint.

175.    Defendant denies the allegations contained in Paragraph 175 of Plaintiff's First Amended Complaint and denies the Wherefore Statement that follows as it is a request for relief and necessitates no such response. To the extent a response is required: denied.

Fourth Cause of Action

176.    Defendant reincorporates herein the response to Paragraphs 1 through 175 of Plaintiff's First Amended Complaint.

177 - 190.     Defendant denies the allegations contained in Paragraph 177 THROUGH 190 of Plaintiff's First Amended Complaint.

191.     Defendant denies the allegations contained in Paragraph 191 of Plaintiff's First Amended Complaint and denies the Wherefore Statement that follows as it is a request for relief and necessitates no such response. To the extent a response is required: denied.

<u>AFFIRMATIVE DEFENSES</u>

Defendant, in individual capacity, and for defenses to Plaintiff's First Amended Complaint on file herein, alleges and states as follows:

1.     Plaintiff failed to state a cause of action against this Defendant in any capacity for any constitutional violation.

2.     Plaintiff failed to state a claim for any remedies available under 42 U.S.C. § 1983.

3.     Plaintiff failed to set forth any allegations which would create a material issue of fact as to the requisite culpable state of mind of malice, recklessness, deliberate indifference, or any other culpable state of mind required under the law.

4.     Defendant is not liable under § 1983 based on a theory of respondeat superior or vicarious liability.

5.     Defendant has not executed or implemented any policy or custom which can be found in any ordinance, regulation, or a policy statement which resulted in a constitutional violation to Plaintiff.

6.     Defendant, in any capacity, is not liable for actions of any person or entity over whom no authority or control existed by Defendant.

7.     There was no underlying unconstitutional act that would impose liability on Defendant, in any capacity.

8.      Plaintiff failed to state a claim against Defendant for any state action.

9.     All actions of employees of the State of Oklahoma or any related entity did not violate Plaintiff's constitutional rights.

10.     Plaintiffs claims may be barred by the relevant statute of limitations.

11.     Defendant is immune from suit under the Oklahoma Governmental Tort Claims Act.

12.     Plaintiff fails to state a claim under the Oklahoma Governmental Tort Claims act and failed to procedurally follow its procedural requirements.

13.     Defendant denies being negligent in any way; however, if it is determined that Defendant was negligent or that any employees were negligent, then the negligence of Plaintiff exceeds the negligence of Defendant and/or any predecessors and/or employees and bars recovery herein.

14.     To the extent that Plaintiff may be claiming punitive damages, Defendant is immune from any award of punitive damages pursuant to the OGTCA and 42 U.S.C. § 1983.

15.     Defendant is entitled to a settlement credit of an offset of any settlement between Plaintiff and any other party herein pursuant to Okla. Stat. Tit. 12 §832(H).

16.     Defendant is entitled to a setoff of any compensation received from a third-party if Defendant is found liable, which liability Defendant denies.

25

17.     Any damages suffered by Plaintiff were caused by intentional acts of Plaintiff or a third party over whom Defendant had no control or right to control.

18.     Defendant did not personally violate Plaintiff's constitutional rights.

19.     Defendant was not personally involved in the events underlying Plaintiff's claims.

20.     Defendant, in any capacity, is not a proper party to Plaintiff's claims.

21.     Defendant is entitled to qualified immunity.

22.     Plaintiff's alleged damages, if any, as to any state claim(s) are limited and/or capped under the Oklahoma Governmental Tort Claims Act. In the alternative, Plaintiff's non-economic damages are capped pursuant to Okla. Stat. Tit. 23 §61.2.

23.     Defendant and his agents, employees and officers did not breach any legal duty to Plaintiff, and their actions did not proximately cause any damage to Plaintiff.

24.     The liability of Defendant is several under the Oklahoma Governmental Tort Claims Act. Okla. Stat. Tit. 51 §154(G).

25.     Defendant Smith reserves the right to add any additional defenses or affirmative defenses, as they become available or known through discovery

Respectfully submitted,


/s/Andrew M. Casey_____
S. Alex Yaffe, OBA No. 21063
Andrew M. Casey, OBA No. 32371
Foshee & Yaffe
12231 S. May Ave.
Oklahoma City, OK 73170
Phone: (405) 378-3033

## <u>CERTIFICATE OF SERVICE FORM FOR ELECTRONIC FILINGS</u>

I hereby certify that on _December 27, 2019_, I electronically filed the foregoing document with the United States District Court for the Western District of Oklahoma by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Stanley M. Ward, OBA#9351
Woodrow K. Glass, OBA#15690
Barrett T. Bowers, OBA#30493
For the Firm: Ward & Glass, LLP
1601 36th Ave. NW, Ste. 100
Norman, Oklahoma 73072
(405) 360-9700
(405) 360-7902 (fax)
Attorneys for Plaintiff

/s/ Andrew M. Casey_____ ___
Andrew M. Casey, Attorney for Defendants