## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TROY D. GERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-19-0751-F |
| | ) | |
| BILLY D. "RUSTY" RHOADES, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

### Introduction

This action, which is brought under 42 U.S.C. § 1983, alleges violations of plaintiff Troy D. German's federal constitutional rights.  Doc. no. 3 (first amended complaint, hereafter "the complaint").  German, who alleges that he retired from the Oklahoma Highway Patrol (OHP) at the rank of captain, brings claims based on allegations that the defendants (all of whom are current or former law enforcement officials) fabricated evidence in order to bring a false blackmail charge against German after German blew the whistle on a cheating scandal within the OHP.

The complaint alleges the following claims, all of which are alleged against the four defendants in their individual capacities only:

> 1) a retaliatory prosecution claim under the First Amendment;
>
> 2) a malicious prosecution claim under the Fourth Amendment;
>
> 3) an abuse of process claim under the Fourth Amendment; and

> 4) a conspiracy claim based on allegations that defendants
> conspired to violate plaintiff's rights protected by the First
> and Fourth Amendments.

Defendants are Billy D. "Rusty" Rhoades, who is alleged to have resigned in lieu of termination from the position of Commissioner of the Oklahoma Department of Public Safety (at times referred to as "the department"); Michael Harrell, who is alleged to have resigned in lieu of termination from his position as Chief of the OHP; Brian Orr, who is alleged to be currently employed (at least at the time the complaint was filed) as a captain in the OHP; and Megan Simpson, who is alleged to have resigned in lieu of termination from her position as general counsel and chief of administration with the Oklahoma Department of Public Safety.

## The Motions

This order addresses part of Rhoades, Harrell and Simpsons' motion for summary judgment (doc. no. 33),[1] as well as part of Orr's motion for summary judgment (doc. no. 64, exhibits at doc. no. 65).[2]

Also pending, but not addressed in this order, are German's motion to compel the Oklahoma Attorney General to produce state grand jury materials (doc. no. 52), and Harrell, Rhoades and Simpson's motion to exclude David Prater from providing expert testimony (doc. no. 62).

## Standards

Under Rule 56, Fed. R. Civ. P., summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317,

---

[1] Plaintiff's partial response brief is at doc. no. 37.  A reply brief has not yet been filed and is not yet due, as movants have been given permission to file one reply brief after plaintiff files his supplemental brief.  Doc. no. 49.

[2] Neither a response brief nor a reply brief have been filed, as the court has postponed plaintiff's response date.  Doc. no. 75.

325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).  In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant.  <u>United States v. Agri Services, Inc.</u>, 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  <u>Posey v. Skyline Corp.</u>, 702 F.2d 102, 105 (7th Cir. 1983).

<u>Rhoades, Harrell and Simpson's Motion for Summary Judgment</u>

*<u>Doc. no. 33</u>*

Defendants Rhoades, Harrell and Simpson argue, first, that German's retaliatory prosecution claim brought under the First Amendment and his malicious prosecution claim brought under the Fourth Amendment fail, because these claims require an absence of probable cause with respect to the underlying criminal charge, *i.e.* the blackmail charge that was brought against German.

As defined in 21 O.S. 2011 § 1488:

> Blackmail is verbally or by written or printed communication and with intent to extort or gain any thing of value from another or to compel another to do an act against his or her will:
>
> 1. Accusing or threatening to accuse any person of a crime or conduct which would tend to degrade and disgrace the person accused;
>
> 2. Exposing or threatening to expose any fact, report or information concerning any person which would in any

3

way subject such person to the ridicule or contempt of society; or

3. Threatening to report a person as being illegally present in the United States, and is coupled with the threat that such accusation or exposure will be communicated to a third person or persons unless the person threatened or some other person pays or delivers to the accuser or some other person some thing of value or does some act against his or her will. Blackmail is a felony punishable by imprisonment in the State Penitentiary for not to exceed five (5) years or fine not to exceed Ten Thousand Dollars ($10,000.00) or by both such imprisonment and fine.

Movants contend undisputed evidence establishes probable cause for the blackmail charge because German confessed to that crime by confessing to facts that satisfy the elements of blackmail under the statute. Movants identify evidence that German made demands to "effect change" within the department and OHP. Specifically, movants argue and present evidence intended to show that German sought: to have Rhoades discipline Harrell for the alleged cheating; to have Rhoades make changes to the department's promotion policies; to have the department add an assessment center for promotions and to add majors in the department; and to have Orr's promotion vacated.

Movants argue and present evidence intended to show that German demanded that Rhoades act against his will to effect these changes, and that German provided Rhoades with a list of politicians and members of the media who would be informed of the cheating scandal if German's demands were not met. Movants contend these facts establish that German attempted to compel Rhoades to take actions against Rhoades' will, and that German did so by threatening to expose a cheating scandal which would degrade and disgrace defendants and subject them to the ridicule or contempt of society, thereby establishing probable cause for the crime of blackmail which was charged against German.

The court rejects these arguments. The evidence cited by defendants, even if not in dispute, does not establish, as a matter of law, that German confessed to the crime of blackmail or to facts that necessarily establish the crime of blackmail as charged against him.[3] Accordingly, movants' evidence does not establish probable cause, as a matter of law, for the crime of blackmail as charged against German. Rhoades, Harrell and Simpson's arguments for summary judgment on German's retaliatory prosecution claim brought under the First Amendment and on the malicious prosecution claim brought under the Fourth Amendment are rejected. Their motion will be denied to the extent they seek summary judgment on these claims.[4]

Next, Rhoades, Harrell and Simpson argue they are entitled to summary judgment on German's abuse of process claim brought under the Fourth Amendment. They make three arguments regarding this claim:

1) That German is unable to point to any evidence that any of these defendants issued any process related to German;

2) That even if reporting a crime and encouraging prosecution constituted initiation of process, German has not shown a definite act or threat by these defendants that was not authorized by process, as merely carrying out the process to its authorized conclusion is insufficient to establish abuse of process; in this regard, movants argue that German confessed to the crime of blackmail, making these defendants' reporting of that crime an authorized conclusion of the process; and

---

[3] Both the indictment and the information charged that German "used verbal, written or printed communication with the intent to extort or gain anything of value, specifically promotions or aiding in appointments for himself or others within the Oklahoma Highway Patrol, or to compel Rusty Rhoades to do such acts against his will…." Doc. no. 33-7, 33-8.

[4] The court is aware that movants have not had the opportunity to file a reply brief. However, it is clear to the court that movants' arguments with respect to these particular claims cannot carry the day. This is true even without consideration of German's response brief. Thus, there is no need for a reply brief.

3) That German cannot establish any damages for abuse of process because, as German confessed to blackmailing Rhoades, any damages were the result of German's confession rather than defendants' reporting of that crime.

The court has already rejected movants' argument that the evidence establishes as a matter of law that German confessed to blackmail or to facts which constitute blackmail.  In other words, the court has rejected the premise of arguments 2) and 3), which are rejected as grounds for summary judgment on the abuse of process claim.  Argument 1) is not addressed in this order and is reserved pending completion of the briefing cycle.[5] Therefore, this order reaches no final conclusion regarding the viability of the abuse of process claim alleged against Rhoades, Harrell and Simpson.

Lastly, Rhoades, Harrell and Simpson argue they are entitled to summary judgment on German's conspiracy claim.  They argue there is no evidence of an actual deprivation of constitutional rights because German confessed to the crime of blackmail, with the result that the § 1983 conspiracy claim fails as a matter of law. This order has rejected movants' contention that the evidence shows, as a matter of law, that German confessed to the crime of blackmail.  Accordingly, movants' argument for summary judgment on the conspiracy claim will be rejected.

To recap, Rhoades, Harrell and Simpson's motion for summary judgment will be denied to the extent it argues that these defendants are entitled to summary

---

[5] German was previously granted leave to address movants' challenges to the abuse of process claim in a supplemental response brief, yet to be filed. The original deadline for the supplemental brief was stricken to be re-set after German's motion to compel grand jury materials is resolved. Doc. no. 69.  Given this order's rulings in German's favor on movants' probable cause and confession-of-blackmail arguments, German should now be able to respond to the single remaining issue urged by Rhoades, Harrell and Simpson in their motion--the reserved issue regarding the abuse of process claim.  Accordingly, the court, at the end of this order, will set a date on which German's supplemental response brief is due. If German contends he cannot file his supplemental brief at this time, he may move for an extension, stating his reasons, which the court will consider.

judgment on the retaliatory prosecution claim brought under the First Amendment, the malicious prosecution claim brought under the Fourth Amendment, and the conspiracy claim. These defendants' arguments for summary judgment on the abuse of process claim brought under the Fourth Amendment are rejected with one exception: the court reserves a ruling on defendants' argument that the abuse of process claim fails because German is unable to point to evidence that any of these defendants issued any process related to German. As this is the only argument that remains for consideration, it is the only argument German needs to address in his supplemental response brief.

<u>Defendant Orr's Motion for Summary Judgment</u>

*(Doc. no. 64)*

Although German has not yet been required to respond to Orr's motion for summary judgment, no response is necessary with respect to certain arguments in Orr's motion for summary judgment, which the court rejects on their face.

In proposition III. B., Orr argues the retaliatory prosecution claim alleged under the First Amendment and the malicious prosecution claim alleged under the Fourth Amendment fail for the same reasons urged by the other defendants, specifically, that undisputed evidence shows German confessed to blackmail or to facts that establish blackmail thereby establishing probable cause for the blackmail charge brought against German. For reasons already stated, the court rejects these arguments.

In proposition III. E., Orr argues that the abuse of process claim fails for the same three reasons urged by the other defendants. For reasons already stated, these arguments are rejected with one exception. The exception is Orr's argument that German is unable to point to any evidence that Orr issued any process related to German. That argument is reserved for later consideration.

In proposition III. F., Orr argues that the conspiracy claim should be rejected for the same reason urged by the other defendants. For reasons already stated, this argument is rejected.

Orr makes additional arguments for summary judgment which were not made by the other defendants and which are reserved for later consideration. *See*, propositions III, A., C., D. and G. of Orr's moving brief. These arguments, taken together, potentially implicate all claims alleged against Orr. Accordingly, in Orr's case, the fact that the court has rejected certain arguments for summary judgment does not mean that the court has made a final determination as to whether Orr is entitled to summary judgment on any of the claims alleged against him.

When German files his brief in response to Orr's motion for summary judgment, he need not respond to any of the arguments rejected in this order. He should, however, respond to all other arguments made by Orr and reserved in this order for later consideration. To reiterate, the reserved arguments are the single remaining argument for summary judgment on the abuse of process claim (that argument is set out by Orr in a portion of proposition III. E.), and other arguments not addressed in this order (propositions III. A., C., D. and G. of Orr's moving brief). Despite the fact that certain of Orr's arguments for summary judgment have been rejected, German, when he files his response brief, should respond to all of the numbered factual paragraphs included in Orr's "Statement of Undisputed Material Facts."

## Conclusion

After careful consideration, Rhoades, Harrell and Simpson's motion for summary judgment (doc. no. 33) is **DENIED IN PART** and **RESERVED IN PART** as stated earlier in this order. Rhoades, Harrell and Simpson's motion for summary judgment is **DENIED** with respect to the retaliatory prosecution claim brought under the First Amendment, the malicious prosecution claim brought under

the Fourth Amendment, and the conspiracy claim.  In addition, the court has rejected certain arguments for summary judgment on the abuse of process claim brought under the Fourth Amendment.  An overall ruling on the viability of the abuse of process claim is **RESERVED** because the court has not yet ruled on one issue with respect to that claim, which has been reserved.  The reserved issue is Rhoades, Harrell and Simpson's argument that German is unable to point to evidence that any of these defendants issued any process related to German.

The court has rejected certain of Orr's arguments, including certain arguments for summary judgment on the retaliatory prosecution claim brought under the First Amendment, on the malicious prosecution claim brought under the Fourth Amendment, and on the conspiracy claim.  The court has also rejected certain arguments made by Orr for summary judgment on the abuse of process claim brought under the Fourth Amendment.  The court has **RESERVED** a ruling on Orr's argument that the abuse of process claim fails based on Orr's argument that German is unable to point to evidence that Orr issued any process related to German.  The court has also **RESERVED** a ruling on additional arguments made by Orr in propositions III. A., C., D. and G. of his moving brief, which are not addressed in this order.  As these additional arguments potentially implicate the viability of all claims alleged against Orr, this order reaches no conclusion as to whether Orr is entitled to summary judgment on any of the claims alleged in this action.

<u>Briefing Schedule</u>

German's supplemental brief in response to Rhoades, Harrell and Simpson's motion for summary judgment is **DUE** within fourteen days of the date of this order.  Any reply brief these defendants wish to file is **DUE** seven days after German files his supplemental response brief.

German's brief in response to Orr's motion for summary judgment is **DUE** within fourteen days of the date of this order.  Any reply brief Orr wishes to file is **DUE** seven days after German files his response brief.

IT IS SO ORDERED this 24th day of November, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0751p014.docx