## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TROY D. GERMAN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. CIV-19-751-F |
| v. | ) | |
| | ) | |
| BILLY D. "RUSTY" RHOADES, individually; | ) | |
| | ) | |
| MICHAEL HARRELL, individually; | ) | |
| | ) | |
| BRIAN ORR, individually; | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| MEGAN SIMPSON, individually, | ) | |
| | ) | |
|     Defendants. | ) | |

## GERMAN'S SUPPLEMENTAL RESPONSE BRIEF IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT FILED BY THE RHS DEFENDANTS

**COMES NOW** Plaintiff Troy D. German and respectfully submits the following Supplemental Response Brief in Opposition to the Motion for Summary Judgment filed by Defendants Billy D. "Rusty" Rhoades, individually; Michael Harrell, individually; and Megan Simpson, individually (collectively, the "RHS Defendants"). The Court should reject the RHS Defendants single remaining argument in support of their misguided quest for summary judgment.

1

Introduction

The Court has entered an Order denying the RHS Defendants' Motion for Summary Judgment in all respects except as it relates to the abuse of process claim.  See Doc. 78. Although the RHS Defendants advanced several arguments against German's abuse of process claim, the Court's Order stated that "the only argument German needs to address in his supplemental response brief" is the "argument that the abuse of process claim fails because German is unable to point to evidence that any of these defendants issued any process related to German." See Doc. 78 at 7.

The Court should reject this argument because the RHS Defendants have a fundamental misunderstanding of an abuse of process claim. The gravamen of an abuse of process claim is the perversion of process after it is issued, not the issuance of the process itself. The elements of the tort do not require the plaintiff to prove that it was the defendants who issued the process.

Moreover, the RHS Defendants' argument is wrong on the merits. The search warrants, the grand jury indictment, and the criminal information would not have issued **but for** the defendants' conspiracy to frame German for blackmail. None of the process would have issued **but for** their conduct. Accordingly, it is factually incorrect to suggest that the defendants did not "issue" any process.

German submits the following in support.

<u>Argument and Authorities</u>

In <u>Greenberg v. Wolfberg</u>, 1994 OK 147, 890 P.2d 895, the Oklahoma Supreme

Court discussed the gravamen of the abuse of process tort in comparison to malicious

prosecution. The Court explained that malicious prosecution "lies for the malicious

*initiation* of process." <u>Id.</u> at ¶ 25, 890 P.2d at 905. However, an abuse of process claim

lies "for a *perversion* of the process *after* it is issued." <u>Id.</u>

This distinction can be seen clearly by reviewing the elements of the cause of

action. In <u>Greenberg</u>, the Court identified the elements as follows: "The tort's elements

are (1) the improper use of the court's process (2) *primarily* for an ulterior or improper

purpose (3) with resulting damage to the plaintiff asserting the misuse." <u>Id.</u> at ¶ 22, 890

P.2d at 905. Proof that the defendant caused the issuance of the process is not one of the

listed elements. The Tenth Circuit's recitation of the elements in <u>Meyers v. Ideal Basic

Indus., Inc.</u>, 940 F.2d 1379 (10th Cir. 1991), is not to the contrary. There, the Court used a

different formulation of the elements, but again, the elements identified do not require

proof that the defendant caused the issuance of the process. This is because the claim

rises and falls on an improper use of the process *after* it has been issued.

This means that German does not have to prove, as part of his abuse of process

claim, that the RHS Defendants initiated process. The <u>Sturgeon v. Retherford

Publications</u> case, cited by defendants, is not to the contrary. There, the court of civil

appeals affirmed dismissal of the plaintiff's abuse of process claim. "The basis of

3

Plaintiffs' complaint on this theory appears to be that Defendants should not be permitted to encourage the government to bring an action against an individual in order to achieve something the Defendants want." Sturgeon, 1999 OK CIV APP 78, ¶ 33, 987 P.2d 1218, 1227. The court rejected this theory, but its holding does not rest on who issued the process. The RHS Defendants have read the case far more broadly than is justified.

This case is very different than Sturgeon, and it is simply not relevant. German does not merely claim that the RHS Defendants "encourage[d] the government to bring an action" against him. German claims that the RHS Defendants, and Orr, made false accusations of blackmail against German and conspired to present these false allegations to criminal investigators.

Furthermore, as a factual matter, it is clear that the RHS Defendants caused the issuance of process. Although they did not file the criminal charge, their conduct was the *but for* cause of the entire criminal investigation and charge. If they would not have initiated a baseless criminal investigation and made false accusations against German, then the process—search warrants, indictment, information—never would have issued. Cf. Pierce v. Gilchrist, 359 F.3d 1279, 1291 (10th Cir. 2004).

German has set forth a viable abuse of process claim against the RHS Defendants. Their argument requesting summary judgment misunderstands the elements of an abuse of process claim and is based on an incorrect factual premise. The RHS Defendants caused the issuance of the process by intentionally advancing false allegations against German. The motion should therefore be denied.

4

Dated this <u>10th</u> day of December, 2020.

/s/Barrett T. Bowers
Barrett T. Bowers, OBA#30493
THE BOWERS LAW FIRM
P.O. Box 891628
Oklahoma City, OK 73189
(405) 727-7188 - T
**barrett@bowerslawok.com**

-and-

Ward & Glass, LLP
1601 36th Ave. NW, Ste. 100
Norman, OK 73072
(405) 360-9700 - T
(405) 360-7902 - F
**woody@wardglasslaw.com**
**rstermer@wardglasslaw.com**

**CERTIFICATE OF SERVICE**

I certify that on the <u>10th</u> day of December, 2020, I served a true and correct copy of the above and foregoing on the following counsel of record:

Gentler F. Drummond
Garry M. Gaskins, II
Logan L. James
DRUMMOND LAW, PLLC
1500 South Utica Avenue, Suite 400
Tulsa, Oklahoma 74104-6522
**ATTORNEYS FOR DEFENDANTS**
**RHOADES, HARRELL, AND SIMPSON**

-and-

S. Alex Yaffe
Andrew M. Casey
Foshee and Yaffe
PO Box 890420

5

6

Oklahoma City, Oklahoma 73189
**ATTORNEYS FOR DEFENDANT ORR**

/s/Barrett T. Bowers
Barrett T. Bowers