IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY D. GERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-751-F |
| ) | |
| BILL D. "RUSTY" RHOADES, ) | |
| individually; MICHAEL HARRELL, ) | |
| individually; BRIAN ORR, ) | |
| individually; and MEGAN SIMPSON, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS BILLY D. "RUSTY" RHOADES'S, MICHAEL HARRELL'S, AND MEGAN L. SIMPSON'S MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS FROM NON-PARTY WITNESS TIMOTHY ELLIOTT TIPTON AND MOTION FOR LEAVE TO CONDUCT SECOND DEPOSITION OF TIMOTHY ELLIOT TIPTON**

Defendants, Billy D. "Rusty" Rhoades, Michael Harrell, and Megan Simpson, (collectively "RHS Defendants"), by and through their attorneys, respectfully request this Court to enter an Order compelling non-party witness Timothy Elliott Tipton ("Tipton") to produce answers to the below defined Certified Questions from Tipton's deposition and grant the RHS Defendants leave to conduct a second deposition of Tipton related to his Multicounty Grand Jury testimony. In support, the RHS Defendants allege and state as follows:

**LCvR37.1 Certification**

I, Garry M. Gaskins, II, counsel of record for the RHS Defendants hereby certify that I have conferred in good faith with counsel for Tipton, Gary James, in order to resolve

the differences presented by this Motion. I had a personal meeting with Mr. James during the course of Tipton's deposition on June 29, 2021. I had a subsequent telephone conversation with Mr. James on August 27, 2021 to clarify Tipton's positions. A follow up personal meeting was not feasible due to Mr. James's office being located more than thirty miles from my office in Tulsa. Despite my sincere attempt to resolve the issues presented by this Motion, the parties could not reach any agreement about the issues raised by this Motion.

## I.   INTRODUCTION

The RHS Defendants bring this Motion to determine whether Tipton may disclose the substance of his testimony in front of the Multicounty Grand Jury. At Tipton's deposition, his counsel objected to questions seeking to determine what Tipton told the Multicounty Grand Jury because the judge overseeing the Multicounty Grand Jury orally told Tipton to not disclose his testimony. There is ambiguity in the statute dealing with the disclosure of witness testimony in front of the Multicounty Grand Jury. Specifically, Section 355(C) of Oklahoma Title 22 permits a witness to disclose their testimony "except for cause shown in a hearing before the presiding judge." It is unclear whether this alleged oral pronouncement by the judge overseeing the Multicounty Grand Jury meets the definition of "cause shown in a hearing before the presiding judge." The RHS Defendants seek clarity on this issue so as to avoid surprise at trial.

## II.   RELEVANT FACTS

Tipton appeared by agreement at a deposition on June 29, 2021. When questions relating to Tipton's Multicounty Grand Jury testimony were asked, Tipton's counsel

objected and directed Tipton not to answer, asserting that he was prohibited from answering pursuant to a court order from the judge overseeing the Multicounty Grand Jury. Tipton explained that prior to his testimony in front of the Multicounty Grand Jury, the presiding judge orally instructed Tipton to not talk about his testimony. Tipton Dep. 42:14-19, cited pages attached hereto as **Exhibit "1."** Tipton did not recall whether there was a hearing held when the presiding judge told him not to talk about his testimony. **Ex. 1**, 42:20-23.

Tipton's counsel believes that the presiding judge instructed Tipton in a video conference after his testimony concluded to not discuss his testimony. **Ex. 1**, 43:20 – 44:3. Tipton's counsel is unsure of the formality of the hearing. **Ex. 1**, 43:7-10. Tipton's counsel admitted to having reservations about this order. Specifically, Tipton's counsel stated: "I have kind of wondered, is that truly the show cause as required by the statute? Did the state file a motion or anything that – nothing that I have ever been presented, but there was oral discussion with Judge Henderson at the close of our appearance before the Grand Jury." **Ex. 1**, 44:16-21. Tipton's counsel has not seen a written order precluding Tipton from disclosing his testimony in front of the Multicounty Grand Jury. **Ex. 1**, 44:22-24.

Tipton's deposition was ultimately completed without him answering questions relating to Tipton's Multicounty Grand Jury testimony (the "Certified Questions"). The following are the Certified Questions at issue from Tipton's deposition:

1. [H]ave you seen these text messages before today? **Ex. 1**, 42:4-5.

    2.    Did you tell. . . the Multi-County Grand Jury that Troy German was attempting to get Commissioner Rhoades – get him in the rabbit hole or dig a hole even deeper?

**Ex. 1**, 62:13-16.

    3.    [D]id you tell the [Multicounty] Grand Jury that Troy German told you that he told Commissioner Rhoades, "I want to be your guy?"

**Ex. 1**, 63:15-17.

    4.    Did you inform the - - Multi-County Grand Jury that Troy German told you that he told Commissioner Rhoades, "How do I get to where I can be promoted?"

**Ex. 1**, 65:13-16.

    5.    Did you tell the [Multicounty] Grand Jury that Troy German told you that he informed Commissioner Rhoades that [he] want[s] to, quote, "be like Brian"?

**Ex. 1**, 73:14-16.

    6.    Did you tell the Multi-County Grand Jury that Troy German requested Commissioner Rhoades terminate Harrell for the allegations of cheating?

**Ex. 1**, 141:12-15.

    7.    [D]id you tell the [Multicounty] Grandy Jury that German was trying to convince Rhoades to allow German to be his guy - - or try to get Rhoades to, quote, "go down a rabbit hole"?

**Ex. 1**, 141:19-23.

## III.    ARGUMENTS AND AUTHORITIES

Section 355(C) of Oklahoma Title 22 states: "No witness shall be prohibited from disclosing his testimony before the multicounty grand jury except for cause shown in a hearing before the presiding judge." The RHS Defendants are not aware of any published opinion interpreting subsection (C) of 22 O.S. § 355.  Nevertheless, secondary authority suggests that a witness is only precluded from disclosing their testimony "upon the State showing cause in an adversarial hearing before the presiding judge." 2A Vernon's Okla.

Forms 2d, Crim. Prac. & Proc. § 7.10.[1] An adversarial hearing is required "[b]ecause such an order directly impacts the witness' First Amendment rights." *Id.* "Absent evidence and an opportunity to cross examine, the witness is deprived of due process." *Id.*

Here, Tipton and his counsel indicated that the judge overseeing the Multicounty Grand Jury simply orally instructed Tipton to not disclose his testimony. **Ex. 1**, 42:14-19; and 43:20 – 44:3. Tipton's counsel has not seen a written order to this effect. **Ex. 1**, 44:22-24. Further, Tipton's counsel's description of the events does not indicate that there was an adversarial proceeding (which included an opportunity for Tipton to cross examine witnesses) and a specific "for cause" finding by the presiding judge prohibiting Tipton from disclosing his testimony. **Ex. 1**, 43:24 – 44:21. In fact, Tipton's counsel admitted that he had reservations about whether 22 O.S. § 355(C) had been complied with when the presiding judge orally instructed Tipton to not disclose his testimony. **Ex. 1**, 44:16-21. Therefore, there is no valid "for cause" order precluding Tipton from disclosing the substance of his testimony in front of the Multicounty Grand Jury.[2] Accordingly, Tipton should be compelled to answer the Certified Questions in a second deposition by the RHS Defendants.

---

[1] A copy of the cited portion of this treatise is attached hereto as **Exhibit "2"**.
[2] It should be noted that the burden of obtaining an order is switched when dealing with the Multicounty Grand Jury transcripts. Subsection (A) of 22 O.S. § 355 precludes the transcript from being released absent an order by the presiding judge. A witness, on the other hand, can generally disclose their testimony unless an order is entered by the presiding judge.

## IV.    CONCLUSION

WHEREFORE, the RHS Defendants respectfully request an Order compelling Tipton to answer the Certified Questions and requiring Tipton to attend a second deposition related to his Multicounty Grand Jury testimony at a mutually agreeable date.

**Respectfully Submitted,**

By: s/Garry M. Gaskins, II
Gentner F. Drummond, OBA #16645
Gentner.Drummond@drummond.law
Garry M. Gaskins, II, OBA #20212
Garry.Gaskins@drummond.law
Logan L. James, OBA #32430
Logan.James@drummond.law
DRUMMOND LAW, PLLC
1500 South Utica Avenue, Suite 400
Tulsa, Oklahoma 74104-6522
Telephone: (918) 749-7378
Facsimile: (918)749-7869
*Attorney for Defendants, Billy D. "Rusty" Rhoades, Michael Harrell, and Megan L. Simpson*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 27, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Stanley M. Ward
Woodrow K. Glass
Barrett T. Bowers
Andrew M. Casey
S. Alex Yaffe

      I also e-mailed and mailed the foregoing document as follows:

GARY J. JAMES
GARY J. JAMES & ASSOCIATES, PC
620 North Robinson Avenue, Suite 207
20 Oklahoma City, Oklahoma 73102
E-mail: gary@garyjameslaw.com

                                                                   s/Garry M. Gaskins, II
                                                                   Garry M. Gaskins, II