## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TROY D. GERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-19-0751-F |
| | ) | |
| BILLY D. "RUSTY" RHOADES, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is the motion for protective order of nonparty Dane Towery. The court has carefully considered the contentions of the movant and the RHS Defendants (herein: defendants), all as set forth in the motion, the response and the reply. However, in the interest of avoiding further delay in this long-pending case (as would result from the preparation of a long order parsing all of the important considerations pro and con), the court will, by this order, rule concisely and then provide only a cursory summary of its reasoning.

### Ruling

The motion is granted in part and denied in part, as follows:

1. Mr. Towery may be deposed, in an oral deposition under Rule 30, subject to the restrictions set forth below.

2. Mr. Towery may be questioned on the following specific topics *and none others*:

> a. Questions confirming (or not) Mr. Towery's status as a prosecutor employed by the State of Oklahoma, with official duties relating to the investigation and prosecution of Mr. German (but with no questions

relating to Mr. Towery's performance of those duties other than as set forth below).

b.  The substance of statements made to Mr. Towery by counsel for Mr. German, including statements by counsel for Mr. German relating to terms agreed to, offered or proposed with respect to any resolution of the criminal prosecution (to include statements by counsel for Mr. German with respect to the possibility that Mr. German might resign, or agree to resign, from his employment).

c.  The terms of any proposals or offers by the State, communicated to counsel for Mr. German by Mr. Towery, for resolution of the criminal prosecution.

d.  The terms of any agreement actually reached between Mr. German and the State with respect to the resolution of the criminal prosecution.

e.  Whether, at or before the time the information was dismissed, Mr. Towery was (i) aware that David Prater was prepared to give testimony relevant to the prosecution, and (ii) aware of the anticipated substance of any such testimony (all without getting into Mr. Towery's impressions, conclusions or evaluation of the legal, factual, tactical or strategic significance, or accuracy, of any such testimony).

3.   By way of illustration only, the following topics are off limits in the Towery deposition:

a.  Almost any question that begins with "why" and relates to Mr. Towery's performance of his official duties as a prosecutor employed by the State.  (This does not preclude Mr. Towery from voluntarily answering any such question.)

b.  Mr. Towery's knowledge of, evaluation of, or mental impressions, conclusions, opinions, legal theories or intentions with respect to, the merits of any legal, factual, tactical or strategic aspect of any actual or contemplated prosecution of Mr. German (including Mr. Towery's evaluation of the existence or nonexistence of probable cause).

c.  Mr. Towery's evaluation of, or mental impressions, conclusions or opinions, with respect to, any resolution of the prosecution of Mr. German.

d.  Any decision by Mr. Towery with respect to seeking an indictment of Mr. German, filing an information against Mr. German, or selecting or presenting evidence to a grand jury.

    e.  The sources of Mr. Towery's knowledge of facts relating to Mr. German.

    f.  Internal communications, among state employees having official duties relating to the investigation or prosecution of Mr. German, relating to that investigation or prosecution (or the disposition thereof).

    g.  Mr. Towery's knowledge of the law or his understanding of legal principles applicable to the investigation or prosecution of Mr. German.

    h.  The identities of grand jury witnesses.

4.  The deposition shall, provisionally, be under seal. Access to the transcript may be had only by Mr. Towery and counsel of record in this case. If any parties to this action believe the transcript, or any material portion of it, should not remain under seal, those parties may file a motion to unseal all or part of the transcript. Until such time as the court may unseal the transcript wholly or in part, references to the contents of the transcript may be made only in briefs filed under seal.

## Cursory summary of reasoning

The court readily recognizes the defendants' interest in conducting a searching examination of Mr. Towery at his deposition. But compelling interests cut the other way, resulting in severe limitations on the permissible scope of the questioning. The disclaimer of any intent to ask Mr. Towery to disclose matters "occurring before the Multicounty Grand Jury," doc. no. 127, at 3, is plainly inadequate, given the scope of Mr. Towery's responsibilities (and related activities) and the interests at stake.

For similar reasons, the Rule 26(b) protection of attorney work product, with its "substantial need" qualification, though usually quite workable where the issue is protection of work product generated with respect to *civil* litigation, is inadequate to serve the public's interest in (i) grand jury secrecy, and  (ii) more broadly, shielding criminal prosecutors from being subjected to civil discovery as to matters relating to prosecutorial decisions (absent specific substantive grounds, usually

focused on the prosecutor himself, for that sort of intrusion).  The work product protection applicable here is broader, as discussed in doc. no. 132, at 4-5.

_____

It is the court's firm expectation that the limitations set forth in this order will be scrupulously observed.  If it is necessary to recess the deposition in order to enforce these limitations, the court will regard that as a very serious matter.

IT IS SO ORDERED this 2nd day of September, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0751p026.docx