IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY D. GERMAN,             ) | |
| )  | |
| Plaintiff,             ) | |
| )  | |
| v.                                                         ) | Case No. CIV-19-751-F |
| )  | |
| BILLY D. "RUSTY" RHOADES, individually;) | |
| MICHAEL HARRELL, individually;       ) | |
| BRIAN ORR, individually; and              ) | |
| MEGAN SIMPSON, individually,        ) | |
| )  | |
| Defendants.         ) | |

## DEFENDANTS BILLY D. "RUSTY" RHOADES'S, MICHAEL HARRELL'S, AND MEGAN L. SIMPSON'S OPPOSED MOTION FOR LEAVE OF COURT TO FILE A NEW MOTION FOR SUMMARY JUDGMENT

Defendants, Billy D. "Rusty" Rhoades, Michael Harrell, and Megan L. Simpson (all cumulatively the "RHS Defendants"), by and through their attorneys of record, **DRUMMOND LAW, PLLC**, hereby respectfully move for leave of this Court pursuant to LCvR56.1(a) to file a new motion for summary judgment addressing Troy German's ("German") deposition testimony and subsequent rulings by the Court related to German's attempt to obtain a transcript of the Grand Jury proceedings and the scope of Dane Towery's testimony. In support thereof, the RHS Defendants state as follows:

**THE RHS DEFENDANTS SHOULD BE GRANTED LEAVE TO FILE A NEW MOTION FOR SUMMARY JUDGMENT TO ADDRESS NEW EVIDENCE FROM THE DEPOSITION OF GERMAN AND SUBSEQUENT ORDERS BY THIS COURT THAT LIMIT EVIDENCE AVAILABLE TO GERMAN.**

The RHS Defendants originally filed a motion for summary judgment on July 14, 2020. Defendant Brian Orr filed a separate motion for summary judgment on November

1

2, 2020. On November 25, 2020, the Court denied summary judgment on Plaintiff German's claims for retaliatory prosecution under the First Amendment and conspiracy. Doc. 78. On February 17, 2021, the Court subsequently granted summary judgment to all Defendants on Plaintiff's malicious prosecution claim, but denied summary judgment on the abuse of process claim. Doc. 106.

"One of the purposes of the summary judgment procedure is to conserve judicial resources by avoiding unnecessary trials." *Franke v. Midwestern Oklahoma Dev. Auth.*, 428 F. Supp. 719, 724 (W.D. Okla. 1976). "A second motion for summary judgment may be filed if supported by new material." *Fees v. Am. Family Life Ins. Co. of Columbus*, 19-CV-0476-CVE-JFJ, 2020 WL 7038616, at *1 (N.D. Okla. Aug. 6, 2020)[1] (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir. 1979)).

Here, subsequent to the prior summary judgment briefing, additional discovery has been conducted, including the deposition of German. Further, the Court has made important rulings on discovery related matters that now foreclose German's ability to prevail on any claim at trial.

For example, since the RHS Defendants filed their motion for summary judgment in July 2020, this Court has prevented German from obtaining a copy of the transcript from the Seventeenth Multicounty Grand Jury (the "Grand Jury") proceedings. Doc. 106. Additionally, the Court has barred the parties from asking Assistant Attorney General Dane Towery, among other things: "the scope of the charges against Mr. German (i.e., whether

---

[1] A copy of this case is attached hereto as Exhibit "1."

Mr. German was only charged with blackmail related to seeking a personal promotion **or whether other demands such as firing Mike Harrell and/or adding additional major positions were part of the blackmail charges Mr. Towery filed against Mr. German**)." Doc. 127, p. 6 (emphasis added); and Doc. 133 (order granting Dane Towery's Motion for Protective Order in part). As shown more fully below, these rulings and German's deposition preclude German from prevailing on any claim in this case.

**A.    It Is Now Clear That German Cannot Establish Lack of Probable Cause Supporting a Retaliatory Prosecution Claim.**

"[A] plaintiff in a retaliatory prosecution action must plead and show the absence of probable cause for pressing the underlying criminal charges." *Hartman v. Moore*, 547 U.S. 250, 257 (2006). The establishment of probable cause suggests "that prosecution would have occurred even without a retaliatory motive." *Id*. at 261. Therefore, one essential element to German's retaliatory prosecution claim is establishing the lack of probable cause supporting the blackmail charge against him.

"It has long since been settled by the Supreme Court that an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Vaughn v. Byrd*, CIV-14-0262-HE, 2016 WL 247585, at *4 (W.D. Okla. Jan. 20, 2016)[2] (internal citations omitted) (quoting *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19 (1975)). "To overcome the presumption of probable cause [established by the Indictment, the plaintiff]… must establish that the indictment was procured through some type of

---

[2] A copy of this case is attached hereto as Exhibit "2."

misconduct such as fabricated evidence or false testimony." *Turner v. Delaney*, 10-2533-JWL, 2015 WL 4066637, at *5 (D. Kan. July 2, 2015)[3] (citing *Moore v. Hartman*, 102 F. Supp. 3d 35, 115 (D.D.C. 2015); s*ee also Vaughn*, 2016 WL 247585, at *4 (granted summary judgment on issue of probable cause because plaintiff failed to procure admissible evidence of what transpired during the grand jury proceedings).

The decision in *Snow v. Nelson*, 634 Fed. Appx. 151 (6th Cir. 2015) (unpublished), illustrates the heavy burden placed on the plaintiff to overcome the presumption of probable cause. In *Snow*, the plaintiff did not have a copy of the transcript of the grand jury proceedings. *Id*. at 157. While it was unclear which officer testified against plaintiff in front of the grand jury, the district court assumed that the officer subpoenaed to testify is the officer that actually testified. *Id*. Regardless, the Sixth Circuit held that there still had to be an evidentiary basis to infer that the officers provided false or reckless evidence. *Id*. "Without a transcript of the grand jury proceedings, there is no evidence that defendant-appellees [the subject officers] testified falsely or recklessly and, therefore, no evidence that undermines the presumption of probable cause created by the indictment." *Id*.

Here, German does not have a transcript of the Grand Jury proceedings. Further, German has still not obtained any evidence that the RHS Defendants actually provided fabricated evidence or false testimony to the Grand Jury directly or even indirectly. None of the RHS Defendants ever testified to the Grand Jury. To date, no other witness in this case has established that the Grand Jury ever heard fabricated evidence or false testimony

---

[3] A copy of this case is attached hereto as Exhibit "3."

4

from the Defendants. Just because the RHS Defendants purportedly made a false statement to investigators does not establish that these same false statements were actually provided to the Grand Jury.

Finally, at his deposition, German was asked to identify documentation Rhoades [the victim of the blackmail] submitted to any court against German.  German's response was: "I do not know."  German Deposition Transcript, 232:5-22, relevant portions attached hereto as Exhibit "4".  Therefore, as the parties sit here today, German cannot point to any false testimony or fabricated evidence created by the RHS Defendants that was actually submitted and considered by the Grand Jury.  Accordingly, the RHS Defendants are entitled to the presumption that the indictment is supported by probable cause.

**B.    The Court's Ruling on the Scope of Dane Towery's Testimony Further Precludes Any Hope of German Establishing Lack of Probable Cause.**

Even if German obtains evidence that false statements or fabricated evidence were actually submitted to the Grand Jury, this is not the end of the analysis.  The Court must "set aside the false statements and include the information omitted to determine whether the indictment is still supported by probable cause."  *Snow*, 634 Fed. Appx. 158; *see also Kerns v. Bader,* 663 F.3d 1173, 1188 (10th Cir. 2011) ("Where false statements are alleged to have been included in an arrest warrant affidavit or grand jury testimony, 'probable cause is determined by setting aside the false information and reviewing the remaining' truthful facts.'" (quoting *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir.1996)).

Here, German has failed to establish that the "but for" cause of his indictment was false testimony or fabricated evidence.  The Grand Jury and Attorney General's Office both

accused German of seeking "to extort or gain… specifically promotions or **aiding in appointments** for himself **or others** within the Oklahoma Highway Patrol, or to compel Rusty Rhoades to do such acts against his will." While German disputes that he sought an appointment for himself, he has failed to address the alternative allegation that he sought to "aid[ ] in appointments for…others within the Oklahoma Highway Patrol."

The parties are unable ask the members of the Grand Jury what they meant by this alternative allegation. Moreover, the Court has now barred the parties from asking Dane Towery what he meant by this alternative allegation when he signed the Information. Doc. 133. Consequently, with the presumption of probable cause, there is now nothing in the record to show that the RHS Defendants provided false testimony or fabricated evidence establishing that German sought to "aid[ ] in appointments for…others within the Oklahoma Highway Patrol."

It should also be noted that there is already evidence in the record that German admitted to investigators that he sought to aid in appointments of others. Specifically, among other admissions, German confessed to investigators that he demanded Rhoades appoint additional majors. Holt Interview Transcript, 27:14 – 28:2; and 29:19 – 30:2, relevant portions attached hereto as Exhibit "5". Consequently, there is independent evidence that German sought to aid in the appointments of others.

Regardless, the Court's rulings mean that the parties are unable to determine what the Grand Jury and Dane Towery meant by this alternative allegation regarding seeking to aid appointments for others. Therefore, even if German were able to procure evidence showing false or fabricated evidence that he sought an appointment for himself, German

has still failed to show the lack of probable cause on the alternative allegation that he sought to aid appointment for others. Accordingly, German cannot overcome the presumption of probable cause, and thus, he is unable to prevail on his retaliatory prosecution claim at trial.

C.  **The Analysis of an Intervening Cause Defense Discussed in *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1999), Is Not Relevant to German's Retaliatory Prosecution Claim.**

This Court has previously emphasized that it has rejected defendants' argument "that the indictment insulates law enforcement officers from later civil rights malicious prosecution suits." Doc. No. 106, p.7. This ruling was based upon *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1999). Nevertheless, as this Court recognized, the *Robinson* case was discussing a malicious prosecution claim. This Court has now granted the RHS Defendants summary judgment on the malicious prosecution claim, albeit on separate grounds. Doc. 106.

Instead, the RHS Defendants intend to seek summary judgment on the retaliatory prosecution claim under the First Amendment. Almost seven years after the *Robinson* decision, the U.S. Supreme Court held that lack of probable cause is an essential element to a retaliatory prosecution claim under the First Amendment. *Hartman*, 547 U.S. 257. The U.S. Supreme Court reasoned that the establishment of probable cause suggests "that prosecution would have occurred even without a retaliatory motive." *Id*. at 261. In other words, the establishment of probable cause is essentially an intervening cause precluding a retaliatory prosecution claim under the First Amendment. Accordingly, the *Robinson* case has no relevance to German's retaliatory prosecution claim.

has still failed to show the lack of probable cause on the alternative allegation that he sought to aid appointment for others. Accordingly, German cannot overcome the presumption of probable cause, and thus, he is unable to prevail on his retaliatory prosecution claim at trial.

C.  **The Analysis of an Intervening Cause Defense Discussed in *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1999), Is Not Relevant to German's Retaliatory Prosecution Claim.**

This Court has previously emphasized that it has rejected defendants' argument "that the indictment insulates law enforcement officers from later civil rights malicious prosecution suits." Doc. No. 106, p.7. This ruling was based upon *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1999). Nevertheless, as this Court recognized, the *Robinson* case was discussing a malicious prosecution claim. This Court has now granted the RHS Defendants summary judgment on the malicious prosecution claim, albeit on separate grounds. Doc. 106.

Instead, the RHS Defendants intend to seek summary judgment on the retaliatory prosecution claim under the First Amendment. Almost seven years after the *Robinson* decision, the U.S. Supreme Court held that lack of probable cause is an essential element to a retaliatory prosecution claim under the First Amendment. *Hartman*, 547 U.S. 257. The U.S. Supreme Court reasoned that the establishment of probable cause suggests "that prosecution would have occurred even without a retaliatory motive." *Id*. at 261. In other words, the establishment of probable cause is essentially an intervening cause precluding a retaliatory prosecution claim under the First Amendment. Accordingly, the *Robinson* case has no relevance to German's retaliatory prosecution claim.

Additionally, as shown above, German still has no evidence that false testimony or fabricated evidence from the RHS Defendants was ever actually submitted to the Grand Jury. Therefore, German cannot prevail on his retaliatory prosecution claim at trial.

**D.  It Is Now Clear That German Cannot Establish an Abuse of Process Claim.**

This Court has previously been able to sidestep the fact that none of the Defendants issued any process related to German by pointing out that a Section 1983 claim imposes liability on government officials that cause any citizen to be subjected to the deprivation of rights.[4] Doc. 106, p. 22. The purported "deprivation of rights" is German being charged with the crime of blackmail. Nevertheless, as shown above, there is a presumption that those charges were supported by probable cause. German has failed to overcome this presumption. As a result, German cannot show an unconstitutional deprivation of rights.

Furthermore, "there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Meyers v. Ideal Basic Indus., Inc.*, 940 F.2d 1379, 1382 (10th Cir. 1991) (quoting W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser & Keeton on the Law

---

[4] The RHS Defendants still stand by their position that they cannot be liable for abuse of process because they did not personally initiate any process. Courts in other jurisdictions have rejected an abuse of process claim against a party that did not actually initiate a process in legal proceedings. *See Frederique v. Cty. of Nassau*, 168 F. Supp. 3d 455, 478 (E.D.N.Y. 2016) (granted summary judgment for police officers on abuse of process claim because it was undisputed that the officers did not initiate legal proceedings, "and Plaintiffs do not identify any other form of regularly issued process that [the officers] Scholl or Rosario employed, as required to establish a claim for abuse of process."); and *Adams v. Selhorst*, 779 F. Supp. 2d 378, 390 (D. Del. 2011), aff'd sub nom. *Adams v. Officer Eric Selhorst*, 449 Fed. Appx. 198 (3d Cir. 2011) (finding it was a legal impossibility for the defendant police officer to be liable for abuse of process because it would not have been the officer "who chose to abuse the criminal process, but rather the prosecuting attorney.").

of Torts, § 121 (5th ed. 1984)).  Consequently, as it relates to the abuse of process claim, it is not relevant whether the RHS Defendants had bad intentions.  German has been unable to establish a lack of probable cause supporting the charges.  Therefore, charging German with blackmail was an authorized conclusion. Accordingly, German cannot prevail on his abuse of process claim.

**E.     It Is Now Clear That German Cannot Prevail on a Conspiracy Claim.**

The Section 1983 conspiracy claim requires the showing of an actual deprivation of rights. *Dixon v. City of Lawton, Okl.*, 898 F.2d 1443, 1449 (10th Cir. 1990).  As shown above, there is no valid retaliatory prosecution or abuse of process claim establishing a unconstitutional deprivation of rights.  Therefore, German cannot prevail on his conspiracy claim.

Accordingly, to preserve judicial resources and prevent an unnecessary trial, the RHS Defendants request leave to file a new motion for summary judgment to address German's deposition testimony and the Court's subsequent rulings related to the Grand Jury transcript and the scope of Dane Towery's testimony.

## CONCLUSION

For the foregoing reasons, the RHS Defendants respectfully request that the Court grant them leave to file a new motion for summary judgment to address German's deposition testimony and the Court's subsequent rulings related to the Grand Jury transcript and the scope of Dane Towery's testimony.

**Respectfully Submitted,**

**By:** s/Garry M. Gaskins, II
Gentner F. Drummond, OBA #16645
Gentner.Drummond@drummond.law
Garry M. Gaskins, II, OBA #20212
Garry.Gaskins@drummond.law
Logan L. James, OBA #32430
Logan.James@drummond.law
DRUMMOND LAW, PLLC
1500 South Utica Avenue, Suite 400
Tulsa, Oklahoma 74104-6522
Telephone: (918) 749-7378
Facsimile: (918)749-7869
*Attorney for Defendants, Billy D. "Rusty" Rhoades, Michael Harrell, and Megan L. Simpson*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Stanley M. Ward
Woodrow K. Glass
Barrett T. Bowers
Andrew M. Casey
S. Alex Yaffe

s/Garry M. Gaskins, II
Garry M. Gaskins, II