IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY D. GERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-19-751-F |
| v. ) | |
| ) | |
| BILLY D. "RUSTY" RHOADES *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S COMBINED RESPONSE IN OPPOSITION TO THE
DEFENDANTS' MOTIONS FOR LEAVE TO FILE NEW
<u>MOTIONS FOR SUMMARY JUDGMENT</u>**

**COMES NOW** Plaintiff Troy D. German and submits his Response in Opposition to the Defendants' Motions for Leave to File New Motions for Summary Judgment [Docs. 136 and 140]. The Court should not permit a second round of dispositive motions. German would show the Court as follows:

Introduction

The Court should strictly enforce Local Civil Rule 56.1(a) and prohibit the defendants from filing a second round of dispositive motions. The defendants gambled on a high-risk legal strategy by filing their dispositive motions early (as the RHS Defendants did) and without the benefit of a full evidentiary record. Their strategy failed, and they should not be relieved of the consequences of their intentional choices in the final months before trial.

This is especially true given their delay in asking for permission to file new motions for summary judgment. The defendants conducted Troy German's deposition on April 14,

2021. There is no reason to justify their delay—until two months before trial—in moving the Court for leave to file successive summary judgment motions.

Even if the Court analyzes their request on the merits, the defendants have not offered any legitimate basis to file a new round of dispositive motions. They merely want to make the same arguments they have already lost. Indeed, their request is nothing more than **_another_** motion to reconsider. Although they have accused the Court of "sidestep[ping]" the issues they want to address [Doc. 136 at 8], the Court's prior Orders denying summary relief were legally correct. The material facts in this case are subject to genuine dispute, and nothing the defendants have presented to the Court as "new" material impacts this conclusion.

The proposed new motions do not contain any facts or arguments that the defendants **_did not_** or **_could not_** have made when they filed their first motions. They are simply unhappy with the reality that they must face a jury and account for their intentional, malicious attempt to frame an innocent man of a felony crime. German therefore respectfully requests that the Court prohibit the defendants from filing a new round of dispositive motions.

## Argument and Authorities

Local Civil Rule 56.1(a) provides that "Absent leave of court, each party may file only one motion under Fed. R. Civ. P. 56." More than fifty years ago, the Fifth Circuit explained that "we certainly do not approve in general of the piecemeal consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the

matter is first raised." Allstate Finance Cor. v. Zimmerman, 296 F.2d 797, 799 (5th Cir. 1961). Indeed, the courts "expect[] that every time a party presents a motion to the Court for adjudication, that party has completely considered all aspects of the issue being raised, has thoroughly developed the record, and has ensured that the Court is receiving the party's strongest and most comprehensive argument on that point." L-3 Communications Corp. v. Jaxon Engineering & Maintenance, Inc., 125 F.Supp.3d 1155, 1162 (D. Colo. 2015). "A party who presents something less than that, then demands another go-around, squanders the time and resources of their opponent, the Court, and all of the other litigants in the judicial system that await their own turn to have their cases heard." Id. "The most appropriate way to prevent such waste is to hold a rigid rule against successive summary judgment motions directed at the same issues." Id.

The Court should strictly enforce LCvR56.1(a) in the circumstances of this case. The defendants **knew** or **should have known** that this Court's local rules permit one dispositive motion per party. Despite this knowledge, they **intentionally chose** to file their dispositive motions without a full evidentiary record. They did not take Mr. German's deposition before filing their motions. They did not take Mr. Towery's deposition before filing their motions. They made this choice; no external circumstances required them to follow that course.

Additionally, the RHS Defendants filed their motion for summary judgment *well* before the dispositive motion deadline. They chose to file the motion early, knowing that more discovery would take place. It is apparent that they hoped "for a quick knockout in order to avoid spending time and money on continued discovery." Id. at 1163. However,

3

the "risk of such a strategy is that it presents the Court with a less-than-comprehensive basis for granting relief to the Defendants, increasing the possibility that the motion will be denied." Id. "Having gambled and lost on that strategy," there is "no reason why the Defendants should now be relieved of the consequences of that decision." Id.

Defendant Orr gambled and lost on a similar strategy, even though he filed his dispositive motion on the date the deadline expired. Like the RHS Defendants, he chose **NOT** to take Mr. German's or Mr. Towery's deposition. He too "gambled and lost" on his litigation strategy.

The strict enforcement of LCvR56.1 is made even more appropriate in these circumstances because the defendants have unnecessarily delayed in seeking this relief. The Court entered its final order on the dispositive motions (including the RHS Defendants' Motion to Reconsider) on February 17, 2021. [Doc. 106]. On April 6, 2021, the Court entered a new scheduling order. [Doc. 113]. The scheduling order specifically struck out all references to dispositive motions, an action that made it very clear that the Court did *not* intend to permit additional summary judgment requests (absent leave of Court). [Doc. 113].

The defendants conducted Mr. German's deposition on April 14, 2021. They have been in possession of his deposition transcript *for months*. If they believed that German's deposition contained revelations that altered the legal analysis, they should have filed their request months ago. They did not do so, and this dilatory behavior should not be rewarded at a time when the parties should focus their efforts on trial preparation.

Even considering the defendants' request on the merits, though, the Court should deny their motions. The defendants have proposed summary judgment motions that make the same arguments they have previously lost. These proposed "new" summary judgment motions are nothing more than *another* motion to reconsider.

In their current motions, the defendants propose that they want to make the following arguments:

- German does not have the grand jury transcripts or any other evidence that the RHS Defendants [and, presumably, Defendant Orr, who has adopted these arguments] actually provided fabricated evidence or false testimony to the grand jury "directly or even indirectly," see Doc. 136 at 3-5;

- German has never offered evidence disputing that he sought to compel Rhoades to promote *someone else* within the OHP in exchange for not disclosing Rhoades', Harrell's, and Orr's violations of state law, see Doc. 136 at 5-7;

- The existence of probable cause is an "intervening cause precluding a retaliatory prosecution claim under the First Amendment" and Robinson v. Maruffi, 895 F.2d 649 (10th Cir. 1999), does not apply in First Amendment retaliatory prosecution claims, see Doc. 136 at 7;

- German cannot win his abuse of process claim because the criminal charge against him was supported by probable cause, see Doc. 136 at 8-9; and

- German cannot win his conspiracy claim because he cannot establish an underlying civil rights violation, based on the same arguments presented above, see Doc. 136 at 9.

5

The defendants have already advanced most of these arguments. In their Motion to Reconsider [Doc. 82], the RHS Defendants argued that summary judgment was proper because German could not present any admissible evidence to overcome the presumption of probable cause. [Doc. 82 at 2-3]. They argued that German could not show that any of the RHS Defendants provided fabricated evidence or false testimony to the grand jury in the absence of the grand jury transcripts. [Doc. 82 at 3-4]. They cited *Vaughn v. Byrd*, *Gerstein v. Pugh*, *Durham v. Horner*, *Turner v. Delaney*, and *Snow v. Nelson* to support this proposition.

The Court rejected this argument in its Order entered on February 17, 2021. In that Order, the Court noted that this argument "was not made in their motion for summary judgment" and they were "not entitled to reconsideration of the court's order on summary judgment based on an argument they did not make at the summary judgment stage." [Doc. 106 at 6-7]. Nevertheless, the Court rejected the argument on the merits. The Court stated: "the argument which Rhoades, Harrell and Simpson now urge would not have succeeded if it had been made in their motion for summary judgment." [Doc. 106 at 7].

In an effort to revive this once-rejected argument, the RHS Defendants assert that this Court's Order denying German's request to compel production of the grand jury transcripts, combined with Troy German's deposition transcript, has revealed new evidence justifying reconsideration. This is simply not the case.

The RHS Defendants explain that the Court's February 17, 2021 Order denying German's motion to compel production of the grand jury transcripts justifies a new motion for summary judgment. [Doc. 136 at 2]. They ignore the remainder of this Order, where

6

the Court **denied** summary judgment on German's retaliatory prosecution, abuse of process, and civil conspiracy claims and **denied** the RHS Defendants' Motion to Reconsider, which was premised **on these exact same grounds.** The Court's Order *denying* summary relief does not *justify* another request for summary relief.

They also point to Mr. German's deposition transcript. Although Mr. German's deposition was 278-pages long, the RHS Defendants cite to *one single line of testimony*. (Defendant Orr does not identify any specific reason why German's deposition justifies a new motion for summary judgment).

It would stand to reason that this one single line must be a "smoking gun." However, it is certainly not. The RHS Defendants (and Defendant Orr, by adoption) state that Mr. German "was asked to identify documentation Rhoades [the victim of the blackmail] submitted to any court against German. German's response was: 'I do not know.'" [Doc. 136 at 5]. This testimony is immaterial and does not justify a new round of dispositive motions.

The Court has already considered the argument that German cannot establish probable cause because he does not have the grand jury transcripts. The Court has rejected the argument because it was not made in the first motion for summary judgment *and* on the merits. [Doc. 106 at 6-7]. There is no reason to hear these same arguments again.

In addition to this argument, the RHS Defendants urge the Court to authorize a new motion for summary judgment to address the impact of the Court's September 2, 2021 Order relating to the deposition of Assistant Attorney General Dane Towery. [Doc. 136 at 5-6]. The defendants assert that German has not disputed *all* of the allegations against him

7

in the indictment and information. They assert that German "has failed to address" an "alternative allegation" that he sought to extort Rusty Rhoades to gain promotions for "others within the Oklahoma Highway Patrol." [Doc. 136 at 5-6]. Based on the Court's September 2, 2021 Order, the defendants argue that the parties have been "barred . . . from asking Dane Towery what he meant by this alternative allegation when he signed the Information." [Doc. 136 at 6].

The face of the indictment and information use plain and ordinary language. There is no ambiguity in the meaning of this "alternative allegation." German was accused—based **solely on three unrecorded conversations with Rusty Rhoades**—of trying to gain promotions for others within the OHP. There is no deeper meaning that the grand jury or Dane Towery could reveal here.

Moreover, the RHS Defendants' assertion that German has not disputed the "alternative allegation" is patently false. In the body of their own first summary judgment motion, they quoted German's statements to investigators as follows:

> Q. Okay. Have you ever made any demands to the commissioner at all relating to any of that?
> A. To benefit me?
> Q. To benefit you.
> A. No.
> Q. To benefit anyone else?
> A. No.

[Doc. 33 at pp. 6-7].

Clearly, the very evidence that they cited in their original motion shows that German disputed seeking promotions for others within the Patrol. There is no need for a new dispositive motion to address the Court's September 2, 2021 Order relating to Mr. Towery.

8

The RHS Defendants also assert that they are entitled to summary judgment on German's retaliatory prosecution claim because Robinson v. Maruffi, 895 F.2d 649 (10th Cir. 1999), is not relevant to a First Amendment retaliatory prosecution claim. They do not offer any authority to support this position. They do not offer any argument to justify this position. They also fail to provide any reason why they did not *already* raise this issue in their first motions for summary judgment. Nothing would have prevented them from doing so. Their desire to assert a new argument they have thought of does not justify departure from LCvR56.1(a).

The defendants also seek leave to file a new motion for summary judgment to address German's abuse of process claim. They assert that German cannot prove the absence of probable cause, and this justifies summary judgment on the abuse of process claim. This argument is wrong because German does not have to prove lack of probable cause to win his abuse of process claim. The abuse of process claim **does not require the plaintiff to prove an absence of probable cause.** "The party who asserts the abuse-of-process claim is *not required* to prove (1) the underlying action was brought *without* probable cause or (2) that he/she prevailed in that proceeding." Greenberg v. Wolfberg, 1994 OK 147, 890 P.2d 895, 905 (emphasis by the Court); see also Doc. 106 at 21 (noting that "State law provides the starting point for the elements of a § 1983 abuse of process claim.").

Finally, the defendants address the conspiracy claim, but only in a cursory manner. They argue only that the claim fails because German can't prevail on his other two claims. There is no new substantive argument to address here.

9

The defendants have not provided a single persuasive reason why they should be permitted to file another round of dispositive motions. The Court has considered and rejected their arguments before. The new material they reference does not impact the Court's analysis. Their motions should be denied.

Conclusion

For the reasons set forth herein, Plaintiff Troy D. German respectfully requests that the Court deny the defendants' motions for leave to file new dispositive motions.

Dated this 4th day of November, 2021.

/s/Barrett T. Bowers
Barrett T. Bowers, OBA#30493
THE BOWERS LAW FIRM
1611 N. Broadway Ave.
Second Floor
Oklahoma City, OK 73103
(405) 768-2907 – Office
(405) 727-7188 - Cell
barrett@bowerslawok.com

-and-

Ward & Glass, LLP
1601 36th Ave. NW, Ste. 100
Norman, OK 73072
(405) 360-9700 - T
(405) 360-7902 - F
**woody@wardglasslaw.com**
**rstermer@wardglasslaw.com**

**CERTIFICATE OF SERVICE**

I certify that on the 4th day of November, 2020, I served a true and correct copy of the above and foregoing on the following counsel of record:

Gentler F. Drummond
Garry M. Gaskins, II

Logan L. James
DRUMMOND LAW, PLLC
1500 South Utica Avenue, Suite 400
Tulsa, Oklahoma 74104-6522
**ATTORNEYS FOR DEFENDANTS**
**RHOADES, HARRELL, AND SIMPSON**

-and-

S. Alex Yaffe
Andrew M. Casey
Foshee and Yaffe
PO Box 890420
Oklahoma City, Oklahoma 73189
**ATTORNEYS FOR DEFENDANT ORR**

                                                  /s/Barrett T. Bowers
                                                  Barrett T. Bowers