IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY D. GERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-751-F |
| | ) |
| BILLY D. "RUSTY" RHOADES, individually; | ) |
| MICHAEL HARRELL, individually; | ) |
| BRIAN ORR, individually; and | ) |
| MEGAN SIMPSON, individually, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS BILLY D. "RUSTY" RHOADES'S,
MICHAEL HARRELL'S, AND MEGAN L. SIMPSON'S RESPONSE AND
OBJECTION IN PART TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED WITNESS AND EXHIBIT LIST**

Defendants, Billy D. "Rusty" Rhoades, Michael Harrell, and Megan L. Simpson (all cumulatively the "RHS Defendants"), by and through their attorneys of record, **DRUMMOND LAW, PLLC**, hereby respectfully submit their Response and Objection in part to *Plaintiff's Motion for Leave to File Second Amended Witness and Exhibit Lists*, doc. 135 (the "Motion"). Specifically, the RHS Defendants object to the addition of "Jury Verdict and Judgments from two cases involving lawsuits arising out of state agency promotions, specifically *Thomas Trent Pettigrew v. DPS* and *William Diaz v. Oklahoma Bureau of Narcotics*" as exhibits and the addition of "Terri German" and "Thomas Trent Pettigrew" as witnesses. In response thereof, the RHS Defendants state as follows:

1

1.      The Court's Scheduling Order requires the showing of good cause to add witnesses or exhibits not included on the final witness or exhibit list.  Doc. 21.[1]  Good cause "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Bell v. RL Signor Holdings, LLC*, CV-17-765-W, 2018 WL 8963556, at *2 (W.D. Okla. Apr. 12, 2018)[2] (quoting *Strope v. Collins*, 315 Fed. Appx. 57, 61 (10th Cir. 2009)).

2.      The Plaintiff has not established good cause for adding the witnesses and exhibits discussed in this Response.  Plaintiff provides no explanation for why Plaintiff's wife, Terri German, was not previously identified as a witness in this case.  This case was filed in 2019.  If Plaintiff's wife had relevant and discoverable information, then Plaintiff clearly should have known about it well before October 2021.

3.      The RHS Defendants will suffer undue prejudice if Plaintiff were permitted to add his wife as a witness at this late date. Terri German is purportedly going to testify about some undefined "compensatory, non-economic damages" suffered by Plaintiff.  Consequently, in addition to taking Terri German's deposition, the RHS Defendants may be required to obtain new rebuttal witnesses, including an expert, to address these "compensatory, non-economic damages" Terri German is purportedly going to testify about.  The discovery cutoff is November 15, 2021 and the jury sounding docket is January 5, 2022.  This does not leave sufficient time for the RHS Defendants to complete this

---

[1] The Final Witness and Exhibit Lists are not addressed in the Amended Scheduling Order.  Doc. 113.
[2] A copy of this case is attached hereto as Exhibit "1".

additional discovery, properly rebut Terri German's testimony, and complete the remaining matters necessary to get this matter ready for trial. Consequently, the RHS Defendants will suffer undue prejudice if Terri German were added as a witness at this late date.

4. Further, Plaintiff provides no explanation for why Thomas Trent Pettigrew and the "Jury Verdict and Judgments from two cases involving lawsuits arising out of state agency promotions, specifically *Thomas Trent Pettigrew v. DPS and William Diaz v. Oklahoma Bureau of Narcotics*," were not previously identified. As a preliminary matter, Mr. Pettigrew and Mr. Diaz were both represented by Plaintiff's counsel. *See Motion to Dismiss by Appellant*, p. 3 in the Pettigrew case, attached hereto as Exhibit "2"; *Stipulation of Dismissal with Prejudice*, p. 1 in the Pettigrew case, attached hereto as Exhibit "3"; and *Stipulation of Dismissal with Prejudice*, p. 2 in the Diaz case, attached hereto as Exhibit "4." Consequently, Plaintiff should have known about Mr. Pettigrew's and Mr. Diaz's cases well before October 2021.

5. Regardless, Mr. Pettigrew and these unrelated jury verdicts appear to have no relevance to this case.[3] Plaintiff suggests that they are relevant to show "that German's speech about promotions was on a matter of public concern." However, just because Mr. Pettigrew and Mr. Diaz were upset about their own inability to obtain a promotion does not mean German's belief that Brian Orr cheated on an exam is a matter of public concern. Moreover, both the Pettigrew and Diaz verdicts were appealed. During these appeals, there were joint dismissals with prejudice filed as a result of settlements in both cases. Exs. 2 –

---

[3] There will likely be other objections to theses exhibits, including pursuant to Fed. R. Evid. 403 and 404.

4. Consequently, we do not know whether either jury verdict would have ultimately been upheld. Therefore, the cases were not even fully adjudicated on the merits. As a result, they have no relevance to establishing whether German's allegation of cheating was a matter of public concern.

6. Additionally, even if Mr. Pettigrew and the unrelated cases had minimal relevance, their late addition will cause undue prejudice and further delay of this matter. Again, the discovery cutoff is November 15, 2021 and the jury sounding docket is January 5, 2022. A proper investigation of these other unrelated cases will involve more than a simple deposition of Mr. Pettigrew and Mr. Diaz. It will likely involve gathering the record from these trials and potentially deposing other witnesses from the unrelated cases to determine the merits of Mr. Pettigrew's and Mr. Diaz's allegations. After all, the cases were jointly dismissed before the appellate court was able to complete its review. There is insufficient time to complete these additional depositions and review plus complete the remaining items required to get this matter ready for trial. Consequently, the late addition of Mr. Pettigrew and the unrelated cases will cause undue prejudice and further delay this matter.

7. Accordingly, Plaintiff has failed to show good cause to add "Jury Verdict and Judgments from two cases involving lawsuits arising out of state agency promotions, specifically *Thomas Trent Pettigrew v. DPS* and *William Diaz v. Oklahoma Bureau of Narcotics*" as exhibits and "Terri German" and "Thomas Trent Pettigrew" as witnesses.

CONCLUSION

For the foregoing reasons, the RHS Defendants respectfully request that the Court overrule and deny *Plaintiff's Motion for Leave to File Second Amended Witness and Exhibit Lists,* doc. 135, in part consistent with this Response and Objection.

**Respectfully Submitted,**

**By:** s/Garry M. Gaskins, II
Gentner F. Drummond, OBA #16645
Gentner.Drummond@drummond.law
Garry M. Gaskins, II, OBA #20212
Garry.Gaskins@drummond.law
Logan L. James, OBA #32430
Logan.James@drummond.law
DRUMMOND LAW, PLLC
1500 South Utica Avenue, Suite 400
Tulsa, Oklahoma 74104-6522
Telephone: (918) 749-7378
Facsimile: (918)749-7869
*Attorney for Defendants, Billy D. "Rusty" Rhoades, Michael Harrell, and Megan L. Simpson*

CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Stanley M. Ward
Woodrow K. Glass
Barrett T. Bowers
Andrew M. Casey
S. Alex Yaffe
Devan A. Pederson

s/Garry M. Gaskins, II
Garry M. Gaskins, II