IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY D. GERMAN, )<br>)<br>　　　　　Plaintiff, )<br>)<br>v. )<br>)<br>BILLY D. "RUSTY" RHOADES, individually;)<br>MICHAEL HARRELL, individually; )<br>BRIAN ORR, individually; and )<br>MEGAN SIMPSON, individually, )<br>)<br>　　　　　Defendants. ) | Case No. CIV-19-751-F |

### DEFENDANTS BILLY D. "RUSTY" RHOADES'S, MICHAEL HARRELL'S, AND MEGAN L. SIMPSON'S REPLY TO PLAINTIFF'S COMBINED RESPONSE IN OPPOSITION TO THE DEFENDANTS' MOTIONS FOR LEAVE TO FILE NEW MOTIONS FOR SUMMARY JUDGMENT

Defendants, Billy D. "Rusty" Rhoades ("Rhoades"), Michael Harrell, and Megan L. Simpson (all cumulatively the "RHS Defendants"), by and through their attorneys of record, **DRUMMOND LAW, PLLC**, hereby respectfully submit their Reply to *Plaintiff's Combined Response in Opposition to the Defendants' Motions for Leave to File New Motions for Summary Judgment* (Doc. 143). For the reasons set forth in their original motion and in this reply brief, the Court should grant the RHS Defendants leave to file a new motion for summary judgment to address Troy German's ("German") deposition testimony and the Court's subsequent rulings related to the Grand Jury transcript and the scope of Dane Towery's testimony.

1

**A.     The Court Should Require Troy German to Submit Evidence That He Can Overcome the Presumption of Probable Cause Created by the Grand Jury Indictment.**

Generally, a party "may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir.1988). With less than a week left before the discovery cutoff, Plaintiff German's case has a clear flaw. German is still unable to show that the Seventeenth Multicounty Grand Jury ("Grand Jury") was actually provided fabricated evidence or false testimony by the Defendants directly or even indirectly. Again, just because German believes that the RHS Defendants provided a false statement to investigators does mean not that the Grand Jury was provided fabricated evidence or false testimony. This prevents German from overcoming the presumption of probable cause. The inability to overcome the presumption of probable cause prevents German from prevailing on any remaining claim in this case.

In his Response, German points out that the presumption of probable cause argument was not made in the RHS Defendants' original July 14, 2020 motion for summary judgment. The RHS Defendants recognize that they did not expressly make this argument in their original motion. Nevertheless, subsequent to July 14, 2020, this Court and the District Court of Oklahoma County have prevented German from obtaining the transcript of the Grand Jury proceedings. Additionally, this Court has prevented the parties from conducting discovery regarding the scope of the charges and evidence considered from the prosecutor Dane Towery. Finally, in his deposition, German was unable to identify any documentation actually submitted against him by the Defendants. Therefore, subsequent developments in this case have brought this issue to the forefront.

Regardless, either in summary judgment briefing or at trial, German is going to have to put forth evidence establishing that the Grand Jury was actually presented false testimony or fabricated evidence that was the "but for" cause of the indictment. To preserve the resources of this Court and avoid an unnecessary trial, it appears prudent to require German to show that he has something more than mere hope that will overcome the presumption of probable cause at trial. *See Franke v. Midwestern Oklahoma Dev. Auth.*, 428 F. Supp. 719, 724 (W.D. Okla. 1976) ("One of the purposes of the summary judgment procedure is to conserve judicial resources by avoiding unnecessary trials.").

**B.     The Presumption of Probable Cause Issue Is Dispositive on the Retaliatory Prosecution Claim under the First Amendment.**

In the Response, German points out that the Court previously indicated that the presumption of probable cause argument would not have succeeded if it had been made in the prior motion for summary judgment. The Court previously cited *Robinson v. Maruffi*, 895 F.2d 649 (10th Cir. 1999) as support for this proposition. Doc. No. 106, p. 7. However, as discussed in the RHS Defendants' Motion for Leave, the *Robinson* case was discussing a malicious prosecution claim, which is no longer before the Court. The subsequent binding precedent of *Hartman v. Moore*, 547 U.S. 250, 257 (2006), prevents a retaliatory prosecution claim unless the plaintiff establishes an absence of probable cause. This is because the establishment of probable cause suggests "that prosecution would have occurred even without a retaliatory motive." *Id*. at 261. Accordingly, it is apparent that the lack of probable cause argument is dispositive on the retaliatory prosecution claim under the First Amendment in this case.

**C.    At a Minimum, German Has No Evidence to Overcome the Presumption of Probable Cause on the Alternative Allegation That He Sought to Aid in the Appointments or Promotions of Others.**

In the Response, German recognizes that he was alternatively indicted by the Grand Jury for seeking to aid in the appointments or promotions of others. German claims that he denied this allegation. However, German failed to include the full quotation in his Response. Specifically, here is the full question and answer from German's interview with investigators:

```
25 Q. To benefit anybody else?

1 A. No. The patrol as a whole, yes. Change the
2 promotional process, assessment center, to have the
3 chief step down.
```

Holt Interview Transcript, 26:25 – 27:3, Ex. 2 to Doc. 33 (emphasis added). German also later admitted to investigators that one of his demands on Rhoades was to add additional positions of major. *Id*. at 27:14 – 28:2; and 29:19 – 30:2 (this was also attached as Ex. 5 to Doc. 136). Consequently, German has not denied that he demanded changes from Rhoades that would aid in appointments or promotions of others. As the parties sit here today, German is unable to submit evidence that his demands for the creation of new major positions, changing the promotional process, the addition of an assessment center and having the chief step down do not fall under the broad allegation that German sought to aid in the appointments or promotions of others.

The Court's ruling preventing the parties from asking Dane Towery what was meant by this allegation (e.g., did Mr. Towery consider German's request for the creation of more majors as an aid in the appointments/promotions of others) is the final "death knell."

German has no ability to show that the Grand Jury lacked probable cause to indict him for seeking to aid in the appointments or promotions of others. More importantly, German is unable to point to any testimony or fabricated evidence submitted by the Defendants to the Grand Jury that is the "but for" cause of this conclusion. Therefore, German is now unable to overcome the presumption of probable cause created by the Grand Jury's indictment.

**D.     German's Inability to Show Lack of Probable Cause Is Dispositive on the Section 1983 Abuse of Process Claim.**

In his Response, German argues that lack of probable cause is not an element of an abuse of process claim. This is a fair point. However, while lack of probable cause is not an element of an abuse of process claim, "issuance of process" is an essential element to a state law abuse of process claim. *Meyers v. Ideal Basic Indus., Inc.*, 940 F.2d 1379, 1382 (10th Cir. 1991). The Court has previously been able to sidestep all of the traditional elements of a state law abuse of process claim (including the fact that no defendant issued any process in this case) by pointing out that a Section 1983 claim imposes liability for a deprivation of rights. The only deprivation of rights identified by German is him being charged with the crime of blackmail. Consequently, if the charge of blackmail were supported by probable cause, then there is no deprivation of rights. Consequently, there is no Section 1983 abuse of process claim.

**E.     German's Inability to Show Lack of Probable Cause Is Dispositive on the Section 1983 Conspiracy Claim.**

The Section 1983 conspiracy claim also requires an actual deprivation of rights. *Dixon v. City of Lawton, Okl.*, 898 F.2d 1443, 1449 (10th Cir. 1990). If the blackmail charges were supported by probable cause, then German has no evidence that he has been

5

deprived of any right.  Consequently, German's inability to show lack of probable cause is dispositive on the Section 1983 conspiracy claim.

F. **The RHS Defendants Have Not Been Dilatory in Requesting Leave to File a New Motion for Summary Judgment.**

German argues that the RHS Defendants have been dilatory in requesting leave. This is not true. The Court's ruling on Dane Towery's deposition (which is the final "death knell" to German's claims) was not rendered until September 2, 2021. Further, the parties were unable to schedule Dane Towery's deposition following the order until October 27, 2021. The RHS Defendants filed this request for leave within hours of the completion of Mr. Towery's deposition.

Moreover, if anything, the RHS Defendants' request for leave is premature. The discovery cutoff in this case does not lapse until November 15, 2021. After two years of discovery, the RHS Defendants do not anticipate that German will come up with evidence to overcome the presumption of probable cause in the next few days. However, this is still theoretically possible. Consequently, if anything, the RHS Defendants request for leave is premature. Nevertheless, the RHS Defendants felt that they needed to get the request for leave on file with sufficient time to not interfere with the January 11, 2021 trial date. Accordingly, the RHS Defendants request for leave is not dilatory.

## CONCLUSION

WHEREFORE, the RHS Defendants respectfully request that the Court grant them leave to file a new motion for summary judgment to address German's deposition

testimony and the Court's subsequent rulings related to the Grand Jury transcript and the scope of Dane Towery's testimony.

**Respectfully Submitted,**

By: s/Garry M. Gaskins, II
Gentner F. Drummond, OBA #16645
Gentner.Drummond@drummond.law
Garry M. Gaskins, II, OBA #20212
Garry.Gaskins@drummond.law
Logan L. James, OBA #32430
Logan.James@drummond.law
DRUMMOND LAW, PLLC
1500 South Utica Avenue, Suite 400
Tulsa, Oklahoma 74104-6522
Telephone: (918) 749-7378
Facsimile: (918)749-7869
*Attorney for Defendants, Billy D. "Rusty" Rhoades, Michael Harrell, and Megan L. Simpson*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Stanley M. Ward
Woodrow K. Glass
Barrett T. Bowers
Andrew M. Casey
S. Alex Yaffe

s/Garry M. Gaskins, II
Garry M. Gaskins, II