IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY D. GERMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No. CIV-19-751-F |
| v. | ) |
| | ) |
| BILLY D. "RUSTY" RHOADES *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE SECOND AMENDED WITNESS AND EXHIBIT LISTS**

**COMES NOW** Plaintiff Troy D. German and submits the following Reply in Support of his Motion for Leave to File Second Amended Witness and Exhibit Lists [Doc. 135]. German would show the Court as follows:

    1.    Defendants Billy D. "Rusty" Rhoades, Michael Harrell, and Megan L. Simpson (the "RHS Defendants") objected in part to German's Motion. [Doc. 144]. They have objected to German's proposed Second Amended Exhibit List only as to Exhibit Nos. 99 and 100, Jury Verdict and Judgments from two cases involving lawsuits arising out of state agency promotions. They have objected to German's proposed Second Amended Witness List only as to new witnesses Terri German and Thomas Trent Pettigrew. German respectfully requests that the Court grant his Motion in part to the extent that it is unopposed.

    2.    The RHS Defendants have objected to the addition of Exhibits 99 and 100, as well as the addition of witnesses Thomas Trent Pettigrew and Terri German. They argue that these witnesses should have been identified sooner and that, if the witnesses would

1

have been identified sooner, they would have conducted additional discovery, such as hiring an expert witness. They also argue that Exhibits 99 and 100, as well as the testimony of Thomas Trent Pettigrew, is irrelevant.

3. The Court should reject these arguments. The RHS Defendants' actions during the course of this case undermines their argument that they would have conducted additional discovery if German had identified the contested exhibits and witnesses sooner.

4. For example, the Defendants conducted Mr. German's deposition on April 14, 2021. In his deposition, they inquired about his request for compensatory damages. Mr. German testified that he had been prescribed medications for anxiety and sleeplessness as a result of the Defendants' actions. Despite this testimony, they did not retain an expert witness or seek to depose the physician identified by Mr. German. It seems highly unlikely they would have done so to counteract Mr. German's wife's testimony, which would merely be lay testimony about her observations of his behavior before and after the false allegations were made against him. There is no expert testimony that could possibly rebut her lay observations.

5. Furthermore, the RHS Defendants did not issue **any** written discovery requests to German in this case. Their actual discovery behavior thus belies the argument they are advancing to the Court.

6. In addition, Exhibits 99 and 100, and witness Trent Pettigrew, are relevant. German has asserted a First Amendment retaliatory prosecution action against the Defendants. In order to establish this claim, German must prove that his speech was

constitutionally protected. See Becker v. Kroll, 494 F.3d 904, 925 (10th Cir. 2007). The speech at issue related to cheating on a promotional examination.

7. The Defendants will argue at trial that German's speech was not constitutionally protected. For example, Defendant Megan Simpson testified that she does not believe German's allegations of cheating on the promotional examination in the highway patrol touched on a matter of public concern or public interest. See Exhibit "1," Excerpt from Deposition of Megan Simpson at 115:4-8. The Defendants have also minimized the importance of this issue by asking witnesses if there is "some vast conspiracy" in DPS/OHP's promotional process. See Exhibit "2," Excerpt from Deposition of Greg Treat at 51:3-11. The obvious implication of these questions is to suggest that the OHP promotional process is not a matter of public concern.

8. Proposed Exhibits 99 and 100, as well as the testimony of Trent Pettigrew, tend to make it more probable than it would be without the evidence that the integrity of state agency promotional examinations is a matter of public concern. The jury trials involving Pettigrew v. State and Diaz v. State both involved state-employee challenges to promotional events and resulted in significant judgments against DPS and OBN. The mere existence of these judgments—without regard to the specific details of the cases—tend to prove that German spoke on a matter of public concern. The public should be concerned about the integrity of state agency promotional decisions, as corruption in the process can lead to litigation and significant liability to taxpayers.

9. There is no additional discovery that can rebut the existence of these judgments. It is a matter of indisputable fact that state agency promotions were the subject

of these two lawsuits, and that juries returned verdicts in favor of the plaintiffs. This is the extent of the information that German seeks to convey to the jury in this case, *i.e.* that state agency promotional decisions can have a big impact on taxpayers. The defendants will try to minimize the public importance of promotional decisions, but the existence of these trial results undermine their argument.

10. Moreover, the underlying lawsuits are publicly available, including the trial transcripts. Defendant Rusty Rhoades himself actually testified during the Pettigrew trial, as he was the Board Chair over the promotions that Pettigrew contested.

11. In any event, this material will be offered only to prove that it exists and that promotional decisions have an impact on taxpayers. German does not intend to elicit any testimony about the details of these cases beyond these indisputable facts. Additional discovery is therefore futile.

12. The Court should permit German to make these additions to his witness and exhibit list. The defendants will suffer no prejudice, as described herein.

WHEREFORE Plaintiff Troy D. German requests that the Court grant his Motion for Leave to File Second Amended Witness and Exhibit Lists.

Dated this 12th day of November, 2021.

/s/Barrett T. Bowers
Barrett T. Bowers, OBA#30493
THE BOWERS LAW FIRM
1611 N. Broadway Ave.
Second Floor
Oklahoma City, OK 73103
(405) 768-2907 – Office
(405) 727-7188 - C

barrett@bowerslawok.com

-and-

Ward & Glass, LLP
1601 36th Ave. NW, Ste. 100
Norman, OK 73072
(405) 360-9700 - T
(405) 360-7902 - F
**woody@wardglasslaw.com**
**rstermer@wardglasslaw.com**

## CERTIFICATE OF SERVICE

I certify that on the 12th day of November, 2021, I served a true and correct copy of the above and foregoing on the following counsel of record:

Gentler F. Drummond
Garry M. Gaskins, II
Logan L. James
DRUMMOND LAW, PLLC
1500 South Utica Avenue, Suite 400
Tulsa, Oklahoma 74104-6522
**ATTORNEYS FOR DEFENDANTS**
**RHOADES, HARRELL, AND SIMPSON**

-and-

S. Alex Yaffe
Andrew M. Casey
Foshee and Yaffe
PO Box 890420
Oklahoma City, Oklahoma 73189
**ATTORNEYS FOR DEFENDANT ORR**

/s/Barrett T. Bowers
Barrett T. Bowers