IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY D. GERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-19-751-F |
| v. | ) |
| | ) |
| BILLY D. "RUSTY" RHOADES et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO STRIKE EXHIBITS 5 AND 6
FROM DEFENDANTS' FINAL EXHIBIT LISTS**

**COMES NOW** Plaintiff Troy D. German and respectfully requests that the Court enter an Order striking Exhibits 5 and 6 from Defendants' Final Exhibit Lists [Doc. Nos. 56 and 59]. In support thereof, German would show the Court as follows:

Introduction

Defendants' Exhibits 5 and 6 should be stricken from their Final Exhibit Lists. These exhibits do not identify specific documents that will be offered into evidence. Instead, these exhibits identify *tens of thousands of pages* worth of discovery material. Defendants' failure to properly identify the actual exhibits they will offer into evidence has prejudiced the Plaintiff and will result in unnecessary delays during trial.

This Court entered a Scheduling Order on February 4, 2020. [Doc. 21]. The Court's Scheduling Order required the defendants to submit final exhibit lists by October 26, 2020. [Doc. 21]. Defendants complied with this deadline and filed their final exhibit lists on that date. [Doc. Nos. 56 and 59].

1

The defendants each included the same exhibits numbered as Exhibits 5 and 6. Exhibit 5 is identified as the "Troop Z investigation materials including evidence list and chain of custody list." [Doc. Nos. 56 and 59 at p. 2]. Exhibit 6 is identified as the "Troop Z investigative file excluding interview summaries." [Doc. Nos. 56 and 59 at p. 8]. The two exhibits are therefore duplicative.

The Troop Z investigation materials obtained during this case consist of more than 20,000 pages of documentation. For example, *one single PDF file* contained in the Troop Z investigation materials is 20,178 pages long. In addition to this single file, there are hundreds of other photographs, emails, text chats, data, and videos. There is, simply, an overwhelming volume of information contained in the Troop Z investigation materials.

German has not had the advantage of knowing what discrete documents the defendants intend to offer at trial from this vast array of documentation. Defendants' tactics are inappropriate and violate the Federal Rules of Civil Procedure, which are designed to prevent trial by ambush. Accordingly, the Court should strike Exhibits 5 and 6 from Defendants' Final Exhibit Lists.

Argument and Authorities

Federal Rule of Civil Procedure 26(a)(3)(A)(iii) requires a party to provide "an identification of each document or other exhibit, including summaries of other evidence— separately identifying those items the party expects to offer and those it may offer if the need arises." "Accordingly, [this Rule] contemplates that each exhibit be identified *clearly* and *individually*." Blanco v. Capform, Inc., Case No. CV-11-23508, 2013 WL 12061862 (S.D. Florida January 9, 2013).

Defendants have failed to comply with this Rule. They have identified two exhibits that actually contain more than 20,000 pages. This conduct clearly violates Rule 26.

The appropriate remedy here is to prohibit defendants from identifying *any* document contained in the Troop Z investigative material as an exhibit in the pre-trial order. This is not a situation where defendants have identified a discrete category of documents that plaintiff can easily assess; instead, they have identified a huge volume of information. Plaintiff cannot in any meaningful manner determine what specific documents the defendants believe are relevant out of this huge volume of documentation.

Accordingly, the Court should strike Exhibits 5 and 6 from the defendants' Final Exhibit Lists and prohibit the defendants from including any document contained in the Troop Z investigative material on the pre-trial conference order.

## Conclusion

For the reasons set forth herein, Plaintiff Troy D. German respectfully requests that the Court grant this motion by entering an order striking Exhibits 5 and 6 from Defendants' Final Exhibit List.

Dated this 7th day of December, 2021.

/s/Barrett T. Bowers
Barrett T. Bowers, OBA#30493
THE BOWERS LAW FIRM
1611 N. Broadway Ave.
Second Floor
Oklahoma City, OK 73103
(405) 768-2907 – Office
(405) 727-7188 - Cell
barrett@bowerslawok.com

-and-

>Ward & Glass, LLP
>1601 36th Ave. NW, Ste. 100
>Norman, OK 73072
>(405) 360-9700 - T
>(405) 360-7902 - F
>**woody@wardglasslaw.com**
>**rstermer@wardglasslaw.com**

## CERTIFICATE OF SERVICE

I certify that on the 7th day of December, 2021, I served a true and correct copy of the above and foregoing on the following counsel of record:

Gentler F. Drummond
Garry M. Gaskins, II
Logan L. James
DRUMMOND LAW, PLLC
1500 South Utica Avenue, Suite 400
Tulsa, Oklahoma 74104-6522
**ATTORNEYS FOR DEFENDANTS**
**RHOADES, HARRELL, AND SIMPSON**

-and-

S. Alex Yaffe
Andrew M. Casey
Foshee and Yaffe
PO Box 890420
Oklahoma City, Oklahoma 73189
**ATTORNEYS FOR DEFENDANT ORR**

>/s/Barrett T. Bowers
>Barrett T. Bowers